**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION**

| | |
|---|---|
| **DONNIE and METRA HUGHES, d/b/a HISTORICAL RENTALS, INC.,** ) ) ) | |
| Plaintiffs, ) | |
| v. ) | Case No.: 2:07-cv-222-MHT-WC |
| ) | |
| **GAB ROBINS NORTH AMERICA, INC., et al.** ) ) ) | |
| Defendants. ) | |

**PLAINTIFFS' MOTION TO REMAND**

COMES NOW, the Plaintiffs, in the above styled action, and do hereby move this Honorable Court to remand this action to the Circuit Court of Pike County pursuant to USCA §1332, §1441, and established Federal case law, as this matter was improperly removed from the state court where it was originally filed. As grounds for remand, the Plaintiffs show unto the Court as follows:

1. 28 USCA §1441 (b) plainly states:

   Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action *shall* be removable *only* if none of the parties in interest properly joined and served as defendants is a citizen of the State which such action is brought. (emphasis added)

2. Here, Plaintiffs' claims are based on breach of contract, false representation, bad faith, and breach of fiduciary duty, all claims brought under the Code of Alabama and filed in the state of Alabama. (See Plaintiff's First Amended Complaint and Defendant RSUI Group, Inc.'s Notice of Removal, page 2, paragraph 3)

3. There is no claim made that is "founded on a claim or right arising under the

Constitution, treaties or laws of the United States" as 28 USCA §1441 (b) mandates for removal "without regard to citizenship or residence."

4. In accordance with the requirements of 28 USCA §1441 (b), in order for this case to be removable, "none of the parties in interest properly joined and served as defendants is a citizen of the State which such action is brought."

5. Troy Rhoades is a named defendant in this action and was served on November 8, 2006. (See Defendant RSUI Group, Inc.'s Notice of Removal, page 3, paragraph 5)

6. Troy Rhoades is a resident of the state of Alabama, the state where this action was filed. (See Defendant RSUI Group, Inc.'s Notice of Removal, page 5, paragraph 8)

7. Therefore, Troy Rhoades is a "citizen of the State which such action is brought" which therefore disqualifies this case from being removed from Pike County Circuit Court to any United States District Court.

8. Additionally, or in the alternative, Plaintiffs argue that there is not complete diversity of citizenship, which is one requirement for this case to have been properly removed.

9. According to 28 USCA §1441 (c) (1):

> a corporation shall be deemed to be a citizen of any state by which it has been incorporated and of the State where it has its principal place of business, *except* that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as any State by which the insurer has been incorporated and of the State where it has its principal place of business; (emphasis added)

10. In the instant case, Defendants RSUI Group, Inc. and/or Kirklin & Co., LLC issued a policy of insurance to the Plaintiffs in which the Plaintiffs were afforded liability

coverage. (See attached Plaintiff's Exhibit A, Legal Liability Coverage Form from the Insurance Policy Issued to the Plaintiffs, made a record to this Court in Defendant RSUI Group Inc's Notice of Removal)

11. The fact that Plaintiffs have imposed a direct action against Defendants RSUI Group, Inc. and Kirklin & Co., LLC, coupled with the fact that Defendants RSUI Group, Inc. and/or Kirklin & Co., LLC issued a policy of insurance that afforded liability coverage to the Plaintiffs would, according to 28 USCA §1441 (c) (1), view Defendants RSUI Group, Inc. and Kirklin & Co., LLC as citizens of the same state that the insured is a citizen.

12. Therefore, complete diversity in this action is unattainable, which would defeat Defendant RSUI Group, Inc.'s grounds for removal.

13. Accordingly, because there is not complete diversity or citizenship in the case and/or one of the Defendants, namely Troy Rhoades, is a citizen of the state where the action was filed, this matter was improperly removed from the Circuit Court of Pike County, Alabama and should be remanded to the state court where it was originally filed.

WHEREFORE, Plaintiffs file this Motion to Remand, and based upon the applicable laws and rules of procedure, and also the above stated facts and legal arguments, the Plaintiffs do pray that this Honorable Court remand this case to the state court of original filing, the Circuit Court of Pike County, Alabama.

Respectfully submitted this the 16th day of March, 2007.

        s/ N.J. Cervera
        N.J. CERVERA (CER001)
        MATTHEW M. BAKER (BAK017)

OF COUNSEL:

**CERVERA, RALPH & REEVES, LLC**
914 South Brundidge Street
P.O. Box 325
Troy, Alabama 36081
(334) 566-0116 telephone
(334) 566-4073 facsimile

### **CERTIFICATE OF SERVICE**

    I hereby certify that I have this date electronically filed the foregoing with the Clerk of Court using the CM/ECF system and served a copy of same by placing the same in the U.S. Mail, on this the 16th day of March, 2007 postage prepaid and properly addressed to:

Helen Johnson Alford, Esq.
Juan C. Ortega, Esq.
ALFORD, CLAUSEN & McDONALD, LLC
One St. Louis Centre, Suite 5000
Mobile, Alabama 36602

Tom Burgess, Esq.
BURGESS & HALE, L.L.C.
505 North 20th Street, Suite 300
Birmingham, Alabama 35203

James S. Lloyd, Esq.
Karen D. Farley, Esq.
LLOYD, GRAY & WHITEHEAD, P.C.
2501 Twentieth Place North, Suite 300
Birmingham, Alabama 35223

this the 16th day of March, 2007.

        s/ N.J. Cervera
        OF COUNSEL

COMMERCIAL PROPERTY
CP 00 40 06 95

# LEGAL LIABILITY COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we", "us" and "our" refer to the Company providing this insurance.

Other words and phrases that appear in quotation marks have special meaning. Refer to SECTION F. – DEFINITION

### A. COVERAGE

We will pay those sums that you become legally obligated to pay as damages because of direct physical loss or damage, including loss of use, to Covered Property caused by accident and arising out of any Covered Cause of Loss. We will have the right and duty to defend any "suit" seeking those damages. However, we have no duty to defend you against a "suit" seeking damages for direct physical loss or damage to which this insurance does not apply. We may investigate and settle any claim or "suit" at our discretion. But:

(1) The amount we will pay for damages is limited as described in Section C. Limits of Insurance; and

(2) Our right and duty to defend end when we have used up the Limit of Insurance in the payment of judgments or settlements.

1. **Covered Property**

   Covered Property, as used in this Coverage Form, means tangible property of others in your care, custody or control that is described in the Declarations or on the Legal Liability Coverage Schedule.

2. **Covered Causes Of Loss**

   See applicable Causes of Loss Form as shown in the Declarations.

3. **Additional Coverage**

   Supplementary Payments. We will pay, with respect to any claim or any "suit" against you we defend:

   a. All expenses we incur.

   b. The cost of bonds to release attachments, but only for bond amounts within our Limit of Insurance. We do not have to furnish these bonds.

   c. All reasonable expenses incurred by you at our request, including actual loss of earnings up to $100 a day because of time off from work.

   d. All costs taxed against you in the "suit".

   e. Prejudgment interest awarded against you on that part of the judgment we pay. If we make an offer to pay the Limit of Insurance, we will not pay any prejudgment interest based on that period of time after the offer.

   f. All interest on the full amount of any judgment that accrues after entry of the judgment and before we have paid, offered to pay, or deposited in court the part of the judgment that is within our Limit of Insurance.

4. **Coverage Extensions**

   a. Additional Insureds. If the Named Insured shown in the Declarations is a partnership or corporation, throughout this Coverage Form, the words "you" and "your" include partners, executive officers, trustees, directors and stockholders of such partnership or corporation, but only with respect to their duties as such.

   b. Newly Acquired Organizations. Throughout this Coverage Form, the words "you" and "your" also include any organization (other than a partnership or joint venture) you newly acquire or form and over which you maintain ownership or majority interest if there is no other similar insurance available to that organization.

   This Coverage Extension ends:

   (1) 90 days after you acquire or form the organization; or

   (2) At the end of the policy period shown in the Declarations;

   whichever is earlier.

   This Extension does not apply to direct physical loss or damage that occurred before you acquired or formed the organization.

EXHIBIT A

c. **Newly Acquired Property**

(1) You may extend the insurance that applies to Covered Property, as used in this Coverage Form, to apply to your liability for tangible property of others that comes under your care, custody or control after the beginning of the current policy period. This Extension is subject to the following:

   (a) All terms and Conditions of this Coverage Form.

   (b) Buildings must be intended for:

      (i) Similar use as the building described in the Declarations or on the Legal Liability Coverage Schedule; or

      (ii) Use as a warehouse.

      The most we will pay as the result of any one accident for loss or damage to the total of all buildings covered under this Extension is $250,000 at each building.

   (c) Personal property must be at a location:

      (i) That you own; or

      (ii) That is or comes under your care, custody or control;

      other than at fairs or exhibitions.

      The most we will pay as the result of any one accident for loss or damage to the total of all personal property covered under this Extension is $100,000 at each building.

(2) Insurance under this Extension for each item of property of others will end when any of the following first occurs:

   (a) This policy expires;

   (b) 30 days expire after the property has come under your care, custody or control; or

   (c) You report values to us.

   We will charge you additional premium for values reported from the date the property comes under your care, custody or control.

   This Extension does not apply to direct physical loss or damage that occurred before the property came under your care, custody or control.

B. **EXCLUSIONS AND LIMITATIONS**

See applicable Causes of Loss Form as shown in the Declarations.

C. **LIMITS OF INSURANCE**

The most we will pay in damages as the result of any one accident is the applicable Limit of Insurance shown on the Legal Liability Coverage Schedule, or in the Declarations

Payments under the Additional Coverage and the Newly Acquired Property Coverage Extension are in addition to the Limits of Insurance

The existence of one or more:

1. Additional Insureds, or

2. Newly Acquired Organizations,

does not increase the Limit of Insurance.

D. **LOSS CONDITIONS**

The following conditions apply in addition to the Commercial Property Conditions:

1. **Duties In The Event Of Accident, Claim Or Suit**

   a. You must see to it that we are notified promptly of any accident that may result in a claim. Notice should include:

      (1) How, when and where the accident took place; and

      (2) The names and addresses of any witnesses

      Notice of an accident is not notice of a claim.

   b. If a claim is made or "suit" is brought against you, you must see to it that we receive prompt written notice of the claim or "suit".

   c. You must:

      (1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

      (2) Authorize us to obtain records and other information;

      (3) Cooperate with us in the investigation, settlement or defense of the claim or "suit"; and

      (4) Assist us, upon our request, in the enforcement of any right against any person or organization that may be liable to you because of damage to which this insurance may also apply.

d. You will not, except at your own cost, voluntarily make a payment, assume any obligation, or incur any expense without our consent.

2. **Legal Action Against Us**

   No person or organization has a right under this Coverage Form:

   a. To join us as a party or otherwise bring us into a "suit" asking for damages from you; or

   b. To sue us on this Coverage Form unless all of its terms have been fully complied with

   A person or organization may sue us to recover on an agreed settlement or on a final judgment against you obtained after an actual trial; but we will not be liable for damages that are not payable under the terms of this Coverage Form or that are in excess of the Limit of Insurance. An agreed settlement means a settlement and release of liability signed by us, you and the claimant or the claimant's legal representative.

3. **Other Insurance**

   You may have other insurance covering the same loss as the insurance under this Coverage Form. If you do, we will pay our share of the covered loss. Our share is the proportion that the Limit of Insurance under this Coverage Form covering such loss bears to the Limits of Insurance of all insurance covering the loss.

4. **Transfer Of Rights Of Recovery Against Others To Us**

   If you have rights to recover all or part of any payment we have made under this Coverage Form, those rights are transferred to us. You must do nothing after loss to impair them. At our request, you will bring "suit" or transfer those rights to us and help us enforce them

E. **ADDITIONAL CONDITIONS**

   The following conditions apply in addition to the Common Policy Conditions.

   1. **Amendment Of Commercial Property Conditions**

      None of the Commercial Property Conditions apply to this Coverage Form, except:

      a. Condition A., Concealment, Misrepresentation or Fraud;

      b. Condition C., Insurance Under Two or More Coverages; and

      c. Condition E., Liberalization.

   2. **Bankruptcy**

      Bankruptcy or insolvency of you or your estate will not relieve us of our obligations under this Coverage Form.

   3. **Policy Period, Coverage Territory**

      Under this Coverage Form:

      a. We will pay for loss or damage caused by an accident that occurs:

         (1) During the policy period shown in the Declarations; and

         (2) Within the coverage territory

      b. The coverage territory is:

         (1) The United States of America;

         (2) Puerto Rico; and

         (3) Canada.

   4. **Separation Of Insureds**

      The insurance under this Coverage Form applies separately to you and each additional insured, except with respect to the Limits of Insurance.

F. **DEFINITION**

   "Suit" includes an arbitration proceeding to which you must submit or submit with our consent.

CP 00 40 06 95   Copyright, ISO Commercial Risk Services, Inc., 1994   Page 3 of 3