IN THE UNITED STATES DISTRICT FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DONNIE AND METRA HUGHES, d/b/a | * | |
| HISTORICAL RENTALS, INC., | * | |
| | * | |
| Plaintiffs, | * | |
| | * | CIVIL ACTION NO. 2:07CV222-MHT |
| vs. | * | |
| | * | |
| GAB ROBINS NORTH AMERICA, INC., | * | |
| et al., | * | |
| | * | |
| Defendants. | * | |
| | * | |

## AMENDED NOTICE OF REMOVAL

**TO THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION:**

COMES NOW Defendant RSUI INDEMNITY COMPANY ("RSUI"), by and through counsel, and pursuant to the Court's Order of March 21, 2007, amends its Notice of Removal previously filed to correct the procedural defects therein insufficiently setting forth this Court's jurisdiction. Defendant states that the grounds for the Court's removal jurisdiction are set forth in 28 U.S.C. §§ 1332, 1441 and 1446, and pursuant to said statutes, Defendant RSUI hereby gives notice of removal of this action from the Circuit Court of Pike County, Alabama to the United States District Court for the Middle District of Alabama. As grounds for removal of the action, Defendant states as follows:

### BACKGROUND

On or about September 22, 2006, Plaintiffs Donnie and Metra Hughes, d/b/a Historical Rentals, Inc., commenced an action in the Circuit of Pike County, Alabama entitled *Donnie and*

*Metra Hughes, d/b/a Historical Rentals, Inc. v. GAB Robins North American, Inc., and Troy Rhoades,* civil action CV-06-246.

On or about November 6, 2006, Plaintiff filed its First Amended Complaint in the Circuit Court of Pike County, Alabama entitled *Donnie and Metra Hughes, d/b/a Historical Rentals, Inc. v. GAB Robins North American, Inc., and Troy Rhoades, Hilb, Rogal & Hobbs Wholesale Insurance Services, Inc.[1], Kirklin & Co., LLC., a/k/a HRH/Kirklin & Co., LLC and RSUI Group, Inc.*

Plaintiff's Complaint and First Amended Complaint allege multiple causes of action against the various Defendants, to include breach of contract, false representation, bad faith, and breach of fiduciary duty.

As set forth below, this Amended Notice is being filed by the properly served Defendants for the Middle District of Alabama, Northern Division, within thirty (30) days of service of "other paper" from which it was first ascertainable that this case was removable, which is within the time allowed by law for the removal of this civil action to the United States District Court. True and correct copies of all process, pleadings and orders served upon Defendants in said action are attached hereto as Exhibit "A."[2]

## DIVERSITY OF CITIZENSHIP

Putative Plaintiffs Donnie and Metra Hughes[3] are both resident citizens of the State of Florida. *See* Exhibit "B".

---

[1] On April 3, 2007, Plaintiff filed its Motion to Dismiss Defendant Hilb, Rogal & Hobbs Wholesale Insurance Services, Inc., with this Court.
[2] In order to minimize the Court's paperwork, Defendants are not resubmitting copies of the actual exhibits filed with the original notice of removal. However, the exhibits have not changed in the amended notice of removal.
[3] It is unclear from Plaintiffs' pleadings whether the individuals are real parties in interest or simply owners of the corporation which is the policy holder of the subject insurance policy.

For purposes of diversity jurisdiction, a corporation is a citizen of the state wherein it is incorporated and has its principal place of business. 28 U.S.C. § 1332 (c)(1). Plaintiff Historical Rentals, Inc., is incorporated in the State of Florida with its principal place of business in Florida. Therefore, for purposes of diversity jurisdiction analysis, Plaintiff Historical Rentals, Inc., is a citizen of the State of Florida.

Defendant GAB Robins North America, Inc., is a company incorporated and organized under the laws of the State of Delaware, having its principal place of business in the State of New Jersey where its corporate headquarters are located. For purposes of diversity jurisdiction analysis, GAB Robins North America, Inc., is a citizen of both the State of New Jersey and the State of Delaware. Therefore, GAB Robins North America, Inc., is not a citizen of the State of Florida, and is completely diverse from Plaintiffs.

Defendant HRH/Kirklin and Company, LLC, is a company incorporated and organized under the laws of the State of Delaware, having its principal place of business in the State of Nebraska where its headquarters are located. For purposes of diversity jurisdiction analysis, HRH/Kirklin and Company is a citizen of both the State of Nebraska and the State of Delaware. Therefore, HRH/Kirklin and Company, LLC, is not a citizen of the State of Florida, and is completely diverse from Plaintiffs.

Defendant RSUI Indemnity Company is a company incorporated and organized under the laws of the State of Delaware, having its principal place of business in the State of Georgia where its headquarters are located. For purposes of diversity jurisdiction analysis, RSUI is a citizen of both the State of Georgia and the State of Delaware. Therefore, RSUI, is not a citizen of the State of Florida, and is completely diverse from Plaintiffs.

Upon information and belief, Defendant Hilb, Rogal and Hobbs Wholesale Insurance Services, Inc., who was not properly served and did not appear in this matter, was a company incorporated and organized under the laws of the State of California, having its principal place of business in the State of California where its headquarters were located. Further, upon information and belief, Defendant Hilb, Rogal and Hobbs Wholesale Insurance Services, Inc., was merged out of existence, the surviving corporation of the merger is believed to be Hilb, Rogal & Hobbs Insurance Services of California, Inc., a company incorporated under the laws of the State of California, having its principal place of business in the Commonwealth of Virginia. For purposes of diversity jurisdiction analysis, Hilb, Rogal and Hobbs Wholesale Insurance Services, Inc., was a citizen of the State of California; and Hilb, Rogal & Hobbs Insurance Services of California, Inc., is a citizen of both the State of California and the Commonwealth of Virginia. Either way, Hilb, Rogal and Hobbs Wholesale Insurance Services Inc., was/is not a citizen of the State of Florida, and is completely diverse from Plaintiffs.

Troy Rhoades is an Alabama citizen, therefore, he is completely diverse from Plaintiffs, who are all citizens of the State of Florida. Plaintiffs have argued that this case is not removable even though there is complete diversity between the parties, because one of the removing defendants is a citizen of the forum state. However, as set forth in more detail below, and in Defendant RSUI's Brief in Response to Plaintiffs' Motion to Remand, Troy Rhoades citizenship may be ignored for removal purposes because he has been fraudulently joined. *Wright v. State Farm Fire and Cas. Co.*, 1997 WL 114902; 1997 U.S. Dist. LEXIS 2988 (M.D. Ala. 1997). Accordingly, <u>there is complete diversity of the citizenship between the Plaintiffs and each Defendant</u>.

**TIMELINESS OF REMOVAL**

The removal of this matter has been made timely.  Pursuant to 28 U.S.C. § 1446 (b):

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by a § 1332 of this title more than one year after commensurate of the action.

(emphasis added).  In Plaintiffs' Complaint and First Amended Complaint, it is alleged that Historical Rentals, Inc., is an Alabama Corporation doing business in Pike County, Alabama.  Plaintiff alleges that Defendant Troy Rhoades is also an Alabama citizen doing business in Pike County, Alabama.  Further, Plaintiff alleges that Defendants GAB Robins North America, Inc.; HRH/Kirklin and Company, LLC; Hilb, Rogal and Hobbs Wholesale Insurance Services, Inc., and RSUI are all Delaware Corporations doing business in Alabama.  Plaintiffs' original Complaint and First Amended Complaint set forth allegations that Plaintiffs are Alabama citizens, and Defendant Troy Rhoades is an Alabama citizen.  Based on these alleged jurisdictional facts, including the fraudulent joinder of a non-diverse party, it appeared at that time that the parties, as stated by the initial pleadings, were not completely diverse, and that the case was not removable.

However, on or about February 9, 2007, Plaintiff served Defendant RSUI with its unverified responses to RSUI's first interrogatories and request for production.  In response to request for production number 8, Plaintiff provided a copy of the driver's licenses for Donnie and Metra Hughes, and a copy of the Articles of Incorporation for Historical Rentals, Inc.  *See* Exhibit "B".  Based on the documentation provided by Plaintiff to Defendants, Plaintiffs Donnie

and Metra Hughes are resident citizens of the State of Florida, and Historical Rentals, Inc., is a company incorporated in the State of Florida with its principal place of business in Florida, thus a citizen of the State of Florida for diversity jurisdiction analysis. Within thirty (30) days of Defendant RSUI's receipt of "other paper" (i.e., documentation of the citizenship of the Plaintiffs), and pursuant to FRCP 6, Defendant timely removed this action to the United States District Court for the Middle District of Alabama, Northern Division. Pursuant to F.R.C.P. 15(c), this Amended Notice of Removal relates back to the filing of the original Notice of Removal filed March 13, 2007. *Illinois Psychiatric Hosp. Co., Inc. v. Cook*, 1992 WL 368053 (N.D. Ill.)(*relying on Northern Illinois Gas Co. v. Airco Industrial Gases, Div. Of Airco, Inc.*, 676 F.2d 270 (7th Cir. 1982).

## **FRAUDULENT JOINDER**

A defendant's "right of removal cannot be defeated by a fraudulent joinder of a resident defendant with no real connection with the controversy." *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 97 (1921). The joinder of the plaintiff's claims can be so egregious so as constitute fraudulent joinder, because it wrongfully deprives a defendant of the right of removal. *See Alabama Southern Railway Co. v. H. C. Thompson*, 200 U.S. 206, 218 (1906). In referring to diversity cases, 28 U.S.C. § 1441(b)'s language directs the court to align the citizenship of the parties properly joined. If a party is improperly added, the court should disregard that joinder for purposes of removal. Thus, an action may be removable if it is shown that an in-state defendant was fraudulently joined.

To determine whether a defendant has been fraudulently joined, the Eleventh Circuit applies a twofold test: the removing party must show either (1) that there is no possibility the plaintiff could establish a cause of action against the resident defendant under state law, or (2)

6

that the plaintiff fraudulently pled jurisdictional facts.  *Wright v. State Farm Fire and Cas. Co.*, 1997 WL 114902; 1997 U.S. Dist. LEXIS 2988 (M.D. Ala. 1997). (citing *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Circuit 1989)).  The court must determine whether there is arguably a reasonable basis for predicting that state law might impose liability.  *Travis v. Irby,* 326 F.3d 644, 648 (5th Cir. 2003). To determine whether a resident defendant has been fraudulently joined, district courts are to apply a proceeding similar to that used for a ruling on a motion for summary judgment under Fed. R. Civ. P. 56(b).  *Crowe v. Coleman,* 113 F.3d 1536, 1538 (11th Cir. 1997) (citations omitted).

In this case, as is discussed below, removal is proper because: 1) there is complete diversity, and 2) the in-state Defendant, Troy Rhoades, has been fraudulently joined.  Indeed, there is no reasonable possibility (and no possibility) that state law would allow recovery against the in-state Defendant, Troy Rhoades.  A review of Alabama law that would govern Plaintiffs' claims against Troy Rhoades clearly shows the inability of Plaintiffs to establish a cause of action in state court against the in-state Defendant, Troy Rhoades.

Plaintiffs allege that Defendant Troy Rhoades, as the adjustor of their insurance claims, owed a fiduciary duty to Plaintiffs, and that Rhoades breached said fiduciary duty when he did not properly adjust their claims.  Plaintiffs' allegations against Defendant Rhoades for breach of fiduciary duty are grounded in negligence.  In this case, as discussed below, Plaintiffs' claims against Defendant Rhoadess cannot be sustained because the Defendant Rhoades did not owe any duty to Plaintiffs.  Accordingly, under Alabama law, there is no reasonable possibility (and no possibility) that the Plaintiffs would be able to establish a cause of action against Defendant Troy Rhoades.

## SHORT AND PLAIN STATEMENT OF GROUNDS FOR REMOVAL

In the instant case, Plaintiffs' claims are based on breach of contract, false representation, bad faith, and breach of fiduciary duty. In Count Four of Plaintiffs' First Amended Complaint, Plaintiffs allege that Defendant Troy Rhoades was the adjustor of their insurance claims, a fiduciary duty existed between Rhoades and the Plaintiffs, and that Rhoades did not properly adjust their claims. Therefore, Plaintiff alleges Rhoades breached a fiduciary duty owed to Plaintiffs. Plaintiffs' allegations against Defendant Rhoades for breach of fiduciary duty are grounded in negligence. In other words, Plaintiffs allege that Defendant Rhoades negligently adjusted Plaintiffs' claims, and that Defendant's negligence or breach of fiduciary duty was the proximate cause of Plaintiffs' damages (i.e., monies owed under an insurance contract).

The obligations to properly handle an insurance claim and to pay benefits under the policy are contractual in nature. No such privity of contract existed between Plaintiff and Troy Rhoades. Although Alabama law recognizes one extra-contractual cause of action against an insurer in the first party context -- bad faith failure to pay -- it has repeatedly declined to allow any extra-contractual causes of action for negligence in the handling of an insurance claim by an insurer. *See Kervin v. Southern Guaranty Ins. Co.*, 667 So.2d 704 (Ala. 1995); *Pate v. Rollison Logging Equipment, Inc.*, 628 So.2d 337 (Ala. 1993); *Chavers v. Nat'l Sec. Fire & Cas. Co.,* 405 So.2d 1 (Ala. 1981); *Calvert Fire Ins. Co. v. Green,* 180 So.2d 269 (Ala. 1965).

In fact, the majority of jurisdictions addressing this issue have declined to hold an adjustor liable for any alleged negligence in the handling or adjusting of an insurance claim. *See e.g.*, *Motin v. Travelers Ins. Co.*, 2003 WL 22533673, *4 (E.D. La. 2003); *Charleston Dry Cleaners & Laundry, Inc., v. Zurich American Ins. Co.,* 355 S.C. 614, 586 S.E.2d 586, 589 (S.C. 2003); *Meineke v. GAB Business Services, Inc.,* 195 Ariz. 564, 991 P.2d 267 (Ariz. Ct. App.

8

2000); *Sanchez v. Lindsey Morden Claims Services, Inc.,* 72 Cal. App. 4th 249, at 254 – 255; *Dear v. Scottsdale Ins. Co.* 947 S.W.2d 908, 917 (Tex. App. 1997); *Velastequi v. Exchange Ins. Co.*, 132 Misc. 2d 896, 505 N.Y.S. 2d 779, 780 (N.Y. Civ. Ct. 1986).

Thus, Defendant submits that under Alabama law, an independent adjustor owes no duty to an insurer. Because an independent adjustor owes no duty to an insured, fiduciary or otherwise, there is no possibility that Plaintiffs' can establish a cause of action against Defendant Troy Rhoades, an independent adjustor, for breach of fiduciary duty.

Under the test set out in *Wright*, *supra,* Defendant Troy Rhoades has been fraudulently joined in this action, and therefore, the Court may disregard his citizenship in determining whether it has removal jurisdiction. It is clear, as an original matter, that complete diversity between each Plaintiff and each Defendant exists, and once the Court disregards the citizenship of Defendant Rhoades, it is also clear that no Defendant is a citizen of the forum state.

## AMOUNT IN CONTROVERSY

Plaintiff's Complaint and First Amended Complaint allege that the cost of repair of the insured property in this matter is estimated to exceed $400,000.00. *See* Plaintiff's First Amended Complaint, ¶ 15. Plaintiff seeks to recover against the Defendants a sum in the amount of the estimated costs of repairs, plus $500.00 per day for loss of income. *Id*. Plaintiff also seeks other unspecified compensatory and punitive damages. It is clear from the face of Plaintiffs First Amended Complaint that the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. Hence, this case exceeds the amount in controversy threshold for diversity jurisdiction set out at 28 U.S.C. § 1332 (a).

Defendants have thus demonstrated by a preponderance of the evidence that the amount in controversy, exclusive of interests and costs, exceeds the jurisdictional minimum, particularly

given the Plaintiffs' demand for damages in excess of $400,000.00 in compensatory damages, and Plaintiffs' unlimited demand for punitive damages. Accordingly, federal diversity jurisdiction exists, and Defendants are entitled to remove this action pursuant to 28 U.S.C. §§ 1332 and 1441.

## CONSENT TO REMOVAL and VENUE

Defendants GAB Robins North America, Inc.; Troy Rhoades; HRH/Kirklin and Co., LLC; and consent to this removal as noted in the consent to removal form filed herewith. Upon information and belief, Defendant Hilb, Rogal and Hobbs Wholesale Insurance Services, Inc., has not been properly served with process, has not answered Plaintiff's First Amended Complaint, and has not appeared in this matter; therefore, consent by Hilb, Rogal and Hobbs Wholesale Insurance Services, Inc., is not required at this time pursuant to 28 U.S.C. § 1446(b).

Venue is proper in this District under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action has been pending. A copy of this Notice of Removal is being served upon all counsel of record. A true and correct copy of this Notice of Removal is being filed with the Circuit Court of Pike County, Alabama, in accordance with 28 U.S.C. § 1446(d).

Defendants reserve the right to amend this Notice of Removal as deemed necessary or appropriate.

## CONCLUSION

This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332. Because the in-state Defendant Troy Rhoades has been fraudulently joined and he is due to be dismissed, there is complete diversity of citizenship between the parties. Further, the Defendants have shown that the amount in controversy, exclusive of interest and costs, exceeds $75,000.00; thus,

the minimum amount required for diversity jurisdiction exists. Defendants should not be deprived of their constitutional right to a federal forum in this case under Article III of the United States Constitution.

WHEREFORE, Defendant RSUI files this Amended Notice of Removal so as to effect the removal of this action from the Circuit Court of Pike County, Alabama to this Court. Such Defendant prays that this Honorable Court will make such other and further orders as may be appropriate to effect the preparation and filing of a record in this cause, so that all proceedings that may have been had in the said circuit court are removed to this Court. Such Defendant further prays that the removal of this cause to this Court be effected and that no further or other proceedings shall be had with respect to this cause in the Circuit Court of Pike County, Alabama.

Respectfully submitted,

s/Juan C. Ortega

_____
HELEN JOHNSON ALFORD (ALF002)
JUAN C. ORTEGA (ORT001)
Attorneys for Defendant RSUI Indemnity Company

OF COUNSEL:

ALFORD, CLAUSEN & McDONALD, LLC
One St. Louis Centre, Suite 5000
Mobile, Alabama 36602
(251) 432-1600
(251) 432-1700 (fax)

CERTIFICATE OF SERVICE

      I certify that I have served a copy of the foregoing on counsel for all parties by depositing a copy of same in the United States mail, properly addressed and first class postage prepaid:

N.J. Cervera, Esq.
Matthew Baker, Esq.
CERVERA, RALPH & REEVES, LLC
914 South Brundidge Street
Troy, AL  36081

James S. Lloyd, Esq.
Karen D. Farley, Esq.
LLOYD, GRAY & WHITEHEAD, P.C.
2501 Twentieth Place North, Suite 300
Birmingham, AL  35223

Tom Burgess, Esq.
BURGESS & HALE, L.L.C.
505 North 20th Street, Suite 300
Birmingham, AL  35203

Done this 5th day of April, 2007.

                        s/Juan C. Ortega
                        _____
                        COUNSEL