IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRCIT OF ALABAMA
NORTHERN DIVISION

DONNIE AND METRA HUGHES, d/b/a  \*
HISTORICAL RENTALS, INC.,    \*
             \*
  Plaintiffs,        \*
             \*  Civil Action No.: 2:07-CV-222
vs.            \*
             \*
GAB ROBINS NORTH AMERICA, INC., \*
and TROY RHOADES, et al.,    \*
             \*
  Defendants.       \*
             \*

## **RSUI'S BRIEF IN RESPONSE TO PLAINTIFFS' MOTION TO REMAND**

COMES NOW, Defendant RSUI Group, Inc., whose correct name is RSUI Indemnity Company (hereinafter "RSUI"), by and through counsel, and herby submits this brief in response to Plaintiffs' Motion to Remand.

## **INTRODUCTION AND BACKGROUND**

On or about September 22, 2006, Plaintiffs Donnie and Metra Hughes, d/b/a Historical Rentals, Inc., commenced an action in the Circuit of Pike County, Alabama entitled *Donnie and Metra Hughes, d/b/a Historical Rentals, Inc. v. GAB Robins North American, Inc., and Troy Rhoades,* civil action CV-06-246. *See* Plaintiff's Complaint, attached hereto as Exhibit "A". On or about November 6, 2006, Plaintiff filed its First Amended Complaint in the Circuit Court of Pike County, Alabama entitled *Donnie and Metra Hughes, d/b/a Historical Rentals, Inc. v. GAB Robins North American, Inc., and Troy Rhoades, Hilb, Rogal & Hobbs Wholesale Insurance Services, Inc., Kirklin & Co., LLC., a/k/a HRH/Kirklin & Co., LLC and RSUI Group, Inc. See* Plaintiff's First Amended Complaint, attached hereto as Exhibit "B". In the Complaint

and First Amended Complaint, Plaintiffs allege that Historical Rentals, Inc., is an Alabama corporation doing business in Pike County, Alabama, and that Defendant Troy Rhoades is also an Alabama citizen doing business in Pike County, Alabama. *See* Exhibits "A" and "B". Further, Plaintiffs allege that Defendants GAB Robins North America, Inc.; HRH/Kirklin and Company, LLC.; and RSUI are all Delaware corporations doing business in Alabama. Exhibit "B". Based on the fraudulently pled jurisdictional facts, including the fraudulent joinder of an in-state party, it appeared at that time that the case, as stated by the initial pleadings, was not removable.

However, on or about February 9, 2007, Plaintiff served Defendant RSUI with its unverified responses to RSUI's first interrogatories and request for production. In response to request for production number 8, Plaintiff provided a copy of the driver's licenses for Donnie and Metra Hughes, and a copy of the Articles of Incorporation for Historical Rentals, Inc. *See* Exhibit "C". Based on the documentation provided by Plaintiff to Defendants, Donnie and Metra Hughes are citizens of the State of Florida, and Historical Rentals, Inc., is a company incorporated in the State of Florida with its principal place of business in Florida.

On or about March 13, 2007, RSUI filed its Notice of Removal pursuant to 28 U.S.C. § § 1332, 1441, 1446. *See* Exhibit "D". Subsequently, and pursuant to this Court's Order dated March 21, 2007,[1] RSUI filed an Amended Notice of Removal to correct the procedural defects invoking the Court's jurisdiction. *See* Exhibit "F". As set forth in RSUI's Amended Notice of Removal, and more fully below, this Court has jurisdiction over the above styled case based on complete diversity of the parties, and removal of this action is proper due to Plaintiffs' fraudulently pled jurisdictional facts and fraudulent joinder of parties.

---

[1] Attached hereto as Exhibit "E".

## ARGUMENT

I.     **The "direct action" provision in 28 U.S.C. § 1332 (C) does not apply to suits brought by an insured against its own insurer.**

Plaintiffs argue to the Court that they have filed a direct action against Defendants RSUI and Kirklin and Company, LLC, and that under the direct action provision of § 1332, complete diversity does not exist. *See* Plaintiffs' Motion to Remand, ¶ 11, attached hereto as Exhibit "G". Plaintiffs' sole support for this argument is the language found in § 1332 (c)(1):

> In any direct action against the insurer of a policy or contract of liability insurance,  . . . , to which action the insured is not joined as a party – defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen.

Plaintiffs' reliance on the "direct action" provision of § 1332 is misplaced. The term "direct action" does not include every suit brought against an insurer by an injured party. *Moore v. CNA Foundation*, --- F.Supp.2d ----, 2007 WL 148763; 2007 U.S. Dist. LEXIS 5249 (M.D. Ala.). Instead, the "direct action" provision is intended to exclude from federal jurisdiction cases brought, as allowed under state law, by an injured party against an out-of-state insurer for the conduct of an in-state tortfeasor without joining the tortfeasor as a defendant. *Id.* It is the general rule that the direct action provision does not effect suits brought by an insured against his own insurer for the independent wrongs of the insurer. *Gibbs v. Metropolitan Life Ins. Co.*, 278 F.Supp. 2d 1269, 1272 (M.D. Ala.); *Moore, supra.*

In the instant case, Plaintiffs' First Amended Complaint alleges that Plaintiff entered into a contract of insurance with Defendants RSUI and HRH/Kirklin. Exhibit "B", ¶¶ 9-10. Plaintiff further alleges that Defendants RSUI and/or HRH/Kirklin breached the contract of insurance, made fraudulent representations to secure the contract of insurance, and refused to pay claims in

3

bad faith. *Id.* All of Plaintiffs' claims against RSUI and HRH/Kirklin are for the alleged independent wrongs of RSUI and HRH/Kirklin. In short, Plaintiff has sued its own insurer. Under the general rule set forth in *Gibbs* and *Moore*, the instant case is not a "direct action" as contemplated by Congress; therefore, the "direct action" provision in § 1332 (c)(1) is not applicable to this matter. The Eleventh Circuit has held that, "unless the cause of action against the insurance company is of such a nature that the liability thought to be imposed could be imposed against the insured, the action is not a direct action." *Gibbs v. Metropolitan Life Insurance Company*, 278 F. Supp. 2d 1269, 1272 (M.D. Ala.)(*quoting Fortson v. St. Paul Fire & Mar. Ins. Co.*, 751 F. 2d 1157, 1159 (11th Cir. 1985). The *Gibbs* court went on to say, "[a]pplying the *Fortson* analysis to the instant case, it is patently obvious that [p]laintiffs could not have brought suit against themselves for the actions alleged in the Complaint. Accordingly, the Court finds that this action is not a direct action, and recognizes that this finding serves as an additional and separate ground for denial of Plaintiffs' Motion to Remand." *Id.* The same holds true here. The instant case is not a direct action, and Defendants RSUI and HRH/Kirklin are completely diverse from the Plaintiffs. Thus, complete diversity exists, and Plaintiffs' Motion to Remand on this ground should be denied.

## II.    Citizenship of Troy Rhoades may be disregarded because he has been fraudulently joined.

In the instant case, Defendants have sought removal of this action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, asserting that complete diversity of the parties exists, and that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. In its Motion to Remand, Plaintiff concedes that complete diversity exists; however, Plaintiff asserts that this action is not removable because Defendant Troy Rhoades is a citizen of the State of Alabama.

4

Plaintiff cites § 1441 as his only authority in support of the proposition that cases arising under state law, "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State which such action is brought." Exhibit "G", ¶¶ 1-7. Plaintiffs' analysis is amiss.

This Court may exercise subject matter jurisdiction of Plaintiffs' state law claims under the Court's diversity jurisdiction. 28 U.S.C. § 1332 (a)(1). When a civil action is between citizens of different states, and the amount in controversy is met, the diversity statute confers jurisdiction on the Federal Courts. *Id.* In the instant action, Plaintiffs' First Amended Complaint seeks damages in excess of $400,000.00. Exhibit "B", ¶ 15. Plaintiffs' First Amended Complaint, on its face, seeks damages in excess of the jurisdictional minimum, and Plaintiff does not argue otherwise. Because Plaintiff concedes that complete diversity exists, the only manner in which Plaintiff, in the instant case, can defeat removal is to argue that a party in interest properly joined is a citizen of Alabama.

Under the requirements for removal jurisdiction, a plaintiff can defeat removal by either joining a defendant who shares the same state citizenship as the plaintiff, *or joining a defendant who is a citizen of the forum state.* In either situation, the joinder of a non-diverse or in-state defendant may defeat the removal jurisdiction requirement. However, "[t]he filing of a frivolous or otherwise illegitimate claim against a non-diverse [or forum] defendant solely to prevent removal is called a 'fraudulent joinder.'" *Wright v. State Farm Fire and Cas. Co.*, 1997 WL 114902; 1997 U.S. Dist. LEXIS 2988 (M.D. Ala. 1997). The Court may disregard the citizenship of a fraudulently joined defendant when determining the existence of its removal jurisdiction. *Id.*

5

To determine whether a defendant has been fraudulently joined, the Eleventh Circuit applies a twofold test: the removing party must show either (1) that there is no possibility the plaintiff could establish a cause of action against the resident defendant under state law, or (2) that the plaintiff fraudulently pled jurisdictional facts. *Wright, supra* (citing *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Circuit 1989)). The burden of proving fraudulent joinder is on the removing party, and all allegations and submissions must be viewed in a light most favorable to the plaintiff. *Wright, supra.* The Court should resolve all questions of fact and controlling law in favor of the plaintiff, and if the removing party fails to demonstrate the existence of a fraudulently joined party, the case must be remanded to state court. *Wright v. State Farm Fire and Cas. Co.*, 1997 WL 114902; 1997 U.S. Dist. LEXIS 2988 (M.D. Ala. 1997)(citations omitted).

In the instant case, Plaintiffs' claims are based on breach of contract, false representation, bad faith, and breach of fiduciary duty. In Count Four of Plaintiffs' First Amended Complaint, Plaintiffs allege that Defendant Troy Rhoades was the adjustor of their insurance claims, a fiduciary duty existed between Rhoades and the Plaintiffs, and that Rhoades did not properly adjust their claims. Therefore, Plaintiff alleges Rhoades breached a fiduciary duty owed to Plaintiffs. Plaintiffs' allegations against Defendant Rhoades for breach of fiduciary duty are grounded in negligence. In other words, Plaintiffs allege that Defendant Rhoades negligently adjusted Plaintiffs' claims, and that Defendant's negligence or breach of fiduciary duty was the proximate cause of Plaintiffs' damages (i.e., monies owed under an insurance contract).

The obligations to properly handle an insurance claim and to pay benefits under the policy are contractual in nature. No such privity of contract existed between Plaintiff and Troy Rhoades. Although Alabama law recognizes one extra-contractual cause of action against an

6

insurer in the first party context -- bad faith failure to pay -- it has repeatedly declined to allow any extra-contractual causes of action for negligence in the handling of an insurance claim by an insurer. *See Kervin v. Southern Guaranty Ins. Co.*, 667 So.2d 704 (Ala. 1995); *Pate v. Rollison Logging Equipment, Inc.*, 628 So.2d 337 (Ala. 1993); *Chavers v. Nat'l Sec. Fire & Cas. Co.*, 405 So.2d 1 (Ala. 1981); *Calvert Fire Ins. Co. v. Green*, 180 So.2d 269 (Ala. 1965). In 1993, the Alabama Supreme Court in *Pate* stated that it had, "consistently refused to recognize a cause of action for the negligent handling of insurance claims." 628 So.2d at 345 (citations omitted). Two years later, in *Kervin*, the court once again refused to recognize such cause of action. 667 So.2d at 706 (citations omitted).

In *Chavers*, wherein the Alabama Supreme Court first recognized a bad faith failure to pay cause of action against an insurance company, the court explicitly reaffirmed its long standing rejection of any extra-contractual cause of action based upon the negligent or wanton handling of insurance claims. 405 So.2d at 11. In so holding, the court reasoned that, "[t]he contract . . . was to pay a loss covered under the policy," and that the, "insured is damaged by the failure to pay only in the sense that any creditor is damaged by the debtor's failure to pay a matured debt, but for this an action in tort will not lie since the remedy is on the contract." *Id.* at 9 (*quoting Calvert Fire*, 180 So.2d at 272). Thus, since Alabama law maintains that an insurer cannot be held liable for the negligent handling of an insurance claim, it follows, *a fortiori*, that there can be no cause of action for the negligent handling of an insurance claim by an investigator or adjustor, who was merely hired by an insurer to assist it in evaluating the claim. Any holding otherwise would go against the reasoning set forth in the *Calvert Fire* line of cases, and additionally, open up the potential for courts to reach contradictory legal conclusions in regards to insurers in the independent investigators and adjustors they hire under the same action.

7

Any recognition that an independent investigator or adjustor has a duty to an insurer, under a negligence cause of action, would subject him to greater liability than that faced by the insurer, even though his role is entirely secondary to that of the insurer and even though he does not have an ability to limit his exposure under the contract.

In *Computerized Security Systems, Inc., v. Auto Owners Ins.*, another case addressing this same issue, the court looked to other jurisdictions to assist in its ruling. *See* Order, Civil Action 06-0685-KD-C (S.D. Ala. November 15, 2006) attached hereto as Exhibit "H". In *Auto Owners*, the court noted that the majority of jurisdictions that have reached this issue have determined that there is no cause of action for negligent adjustment of claims. *Id.*, 7 (*citing Motin v. Travelers Ins. Co.*, 2003 WL 22533673, *4 (E.D. La. 2003) (an insurance adjustor does not owe an independent tort duty to the insured); *Charleston Dry Cleaners & Laundry, Inc., v. Zurich American Ins. Co.*, 355 S.C. 614, 586 S.E.2d 586, 589 (S.C. 2003) (holding that it would not recognize "a general duty of care from an independent insurance adjustor or insurance adjusting company to the insured, and thereby align South Carolina with the majority rule on this issue"); *Meineke v. GAB Business Services, Inc.*, 195 Ariz. 564, 991 P.2d 267 (Ariz. Ct. App. 2000) (holding that the relationship between investigator and insured is sufficiently attenuated by the insurer's control over the investigator that investigator owes no legal duty to insureds and is not subject to negligence liability for allegedly mishandling claim); *Sanchez v. Lindsey Morden Claims Services, Inc.*, 72 Cal. App. 4th 249, at 254 – 255 (holding that policy concerns – including the fact that adjustor's role in claims process is secondary to that of insurer but duty of care could expose adjustor to greater liability, the improbability that imposition of a duty would enhance deterrence, the likelihood that a duty would subject adjustor to conflicting loyalties – as well as the general law of agency militate against imposing a duty of care owed by insurer-

8

retained adjustors to insurers); *Dear v. Scottsdale Ins. Co.* 947 S.W.2d 908, 917 (Tex. App. 1997) (holding that insured may not maintain negligence action against adjustor because adjustor's duties are contractual ones owed solely to insurer); *Velastequi v. Exchange Ins. Co.*, 132 Misc. 2d 896, 505 N.Y.S. 2d 779, 780 (N.Y. Civ. Ct. 1986) (holding negligence claim could not be maintained against adjustor because no duty owed by the insurance investigator to the insured). (Footnote omitted)). The court stated, "[t]he reasoning behind these holdings is based, in large part, on the fact that the relationship between an independent adjustor and insured is contractual in nature. As such, the adjustor is subject to the control of the insurer to which it clearly owes a duty. Conversely, as to the insured, an independent adjustor has no duties." *Id.* 8.

Thus, Defendant RSUI submits that under Alabama law, an independent adjustor owes no duty to an insured. Because an independent adjustor owes no duty to an insured, fiduciary or otherwise, there is no possibility that Plaintiffs' can establish a cause of action against Defendant Troy Rhoades, an independent adjustor, for breach of fiduciary duty. Under the test set out in *Wright, supra,* Defendant Troy Rhoads has been fraudulently joined in this action. Therefore, the Court may disregard his citizenship in determining its removal jurisdiction. It is clear that complete diversity between each Plaintiff and each Defendant exists, and once the Court disregards the citizenship of Defendant Rhoades, it is also clear that no Defendant is a citizen of the forum state.

## CONCLUSION

Defendants have removed Plaintiffs' bad faith action on the grounds that this Court has subject matter jurisdiction of Plaintiffs' claims under this Court's diversity jurisdiction. Plaintiffs' seeks to remand this matter by alleging complete diversity does not exist because the "direct action" provision of § 1332 establishes that Plaintiff and Defendant RSUI are citizens of

9

the same state, and that because Defendant Troy Rhoades is a citizen of the forum state, § 1441 prohibits removal. However, the "direct action" provision of § 1332 does not apply to actions by an insured against *its own insurer*. Further, there is no possibility Plaintiff can maintain an action against Defendant Rhoades, an independent adjustor, for breach of fiduciary duty because Defendant Rhoades does not owe a duty to Plaintiff. As such, Defendant Rhoades has been fraudulently joined, and the Court can disregard his citizenship for purposes of determining its removal jurisdiction. Since complete diversity exists when the citizenship of Defendant Rhoades is disregarded, and the amount in controversy exceeds $75,000.00, exclusive of interest and cost, this matter has been properly removed and Plaintiffs' Motion to Remand is due to be denied.

WHEREFORE PREMISES CONSIDERED, for the reasons stated herein and in Defendants' Amended Notice of Removal, Defendants respectfully request this Honorable Court to deny Plaintiffs' Motion to Remand and for such other and further relief as they may be so entitled.

Respectfully submitted

s/Juan C. Ortega

_____
HELEN JOHNSON ALFORD (ALF002)
JUAN C. ORTEGA (ORT001)
Attorneys for Defendant RSUI Indemnity Company

OF COUNSEL:

ALFORD, CLAUSEN & McDONALD, LLC
One St. Louis Centre, Suite 5000
Mobile, Alabama  36602
(251) 432-1600
(251) 432-1700 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2007, the foregoing document was electronically filed with the Clerk of this Court using the CM/ECF system which will send notification of such filing to the following:

N.J. Cervera, Esq.
Matthew Baker, Esq.
CERVERA, RALPH & REEVES, LLC
914 South Brundidge Street
Troy, AL  36081

James S. Lloyd, Esq.
Karen D. Farley, Esq.
LLOYD, GRAY & WHITEHEAD, P.C.
2501 Twentieth Place North, Suite 300
Birmingham, AL  35223

Tom Burgess, Esq.
BURGESS & HALE, L.L.C.
505 North 20th Street, Suite 300
Birmingham, AL  35203

s/Juan C. Ortega
_____
COUNSEL

11

# EXHIBIT

# "A"

## IN THE CIRCUIT COURT OF PIKE COUNTY, ALABAMA

| | |
|---|---|
| DONNIE AND METRA HUGHES, ) | |
| d/b/a HISTORICAL RENTALS, INC., ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | **CASE NO: CV-** 06-246 |
| ) | |
| GAB ROBINS NORTH AMERICA, ) | |
| INC. and TROY RHODES, ) | |
| ) | **TRIAL BY JURY DEMANDED** |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

### STATEMENT OF THE PARTIES

1.  Historical Rentals, Inc., "Plaintiff", is an Alabama corporation incorporated and doing business in Pike County, Alabama.

2.  GAB Robins North America, Inc., "Defendant GAB", is a corporation incorporated in Delaware, with an Alabama place of business in Montgomery and also doing business in Pike County, Alabama through their agent, Troy Rhodes, an Alabama resident.

3.  Troy Rhodes, "Defendant Rhodes", is an Alabama resident doing business in Pike County, Alabama.

### COUNT 1

4.  Plaintiffs adopt and reallege paragraphs 1 through 3 above as if fully set forth herein.

5.  On or about the 1st day of April 2004, Plaintiffs entered into a written agreement

-1-

with Defendant GAB through Defendant GAB's agent, Defendant Rhodes, by the terms of which Defendant GAB agreed to insure Plaintiffs' property that is rented or leased to others and intended for rental or lease to others for a term of one year.

6.  In said agreement, Defendant GAB agreed to pay for damage done to Plaintiffs' property that is rented or leased to others and intended for rental or lease to others.

7.  The Plaintiffs' property was damaged on September 16, 2004 by Hurricane Ivan and incurred severe additional damage on September 23, 2004.

8.  Shortly thereafter, Plaintiffs' promptly notified Defendant GAB of the damage to the property.

9.  On or about the 6th day of January 2005, Defendant GAB notified Plaintiffs that Defendant GAB had no intention of paying for the cost of repair, thereby breaching said agreement by failing to cover the losses incurred by Plaintiffs because of the damaged property.

10. As a proximate consequence to Defendant GAB's said breach, Plaintiffs havenot been able to repair the property and therefore unable to rent or lease the piece of property to any tenants.  The cost of repair has been estimated at over $400,000.00.  Plaintiffs are able to rent the piece of property at a rate of $500.00 per day.

**WHEREFORE**, Plaintiffs demand judgment against Defendant in the sum of the estimated cost of repair plus the loss of income from not being able to rent or lease the property, interest and costs.

-2-

## COUNT 2

11.   Plaintiffs adopt and reallege paragraphs 1 through 10 above as if fully set forth herein.

12.   In the course of negotiating an agreement to insure Plaintiffs, Defendant GAB, by and through its agent, Defendant Rhodes, represented to Plaintiff that Defendant GAB would pay for the cost of repairing damages done to Plaintiffs' property that is rented or leased to others and intended for rental or lease to others.

13.   The representations Defendant Rhodes and Defendant GAB made were false, and Defendants knew they were false when made. Defendant GAB did not pay for the repair of the damaged property. Defendants made such representations with the intention that Plaintiffs should rely upon them.

14.   Plaintiffs believed the representations and relied on them in the purchase of the insurance agreement. As a result, Plaintiffs did not receive monies owed in order to repair the damaged property and lost and continues to lose money for not being able to rent or lease the damaged property.

**WHEREFORE**, Plaintiffs demand judgment against Defendants in an amount a jury deems appropriate.

## COUNT 3

15.   Plaintiffs adopt and reallege paragraphs 1 through 14 above as if fully set forth herein.

-3-

16.   Plaintiffs made a claim with Defendant GAB on said policy agreement, but
      Defendant GAB intentionally refused to pay Plaintiff's claim and denied the same
      without justification.

17.   Defendant's refusal to pay said claim was not based on any reasonably legitimate,
      arguable or debatable reason for denying the Plaintiffs' claim, or, in the
      alternative, Defendant GAB intentionally failed to determine whether there was a
      lawful basis for its refusal to pay said claim.

**WHEREFORE**, Plaintiffs demand judgment against Defendants in an amount a jury
deems appropriate.

**COUNT 4**

18.   Plaintiffs adopt and reallege paragraphs 1 through 17 above as if fully set forth
      herein.

19.   Shortly after the 23rd day of September, 2004 the Plaintiffs reported the damage to
      their property to Defendant GAB in accordance with the insurance agreement.

20.   Under the terms of the insurance agreement, Defendant GAB agreed to pay for
      covered loss or damage.

21.   Defendant GAB did not ever pay these claims.

22.   Defendant GAB did not pay these claims in the time period that Defendant GAB
      and plaintiff agreed upon, thus causing plaintiff to lose money by not being able to
      rent or lease the property.

-4-

**WHEREFORE**, Plaintiffs demand judgment against Defendants in an amount a jury deems appropriate.


_____
N.J. Cervera (CER001)
Attorney for the Plaintiffs


_____
Matthew Baker (BAK017)
Attorney for the Plaintiffs



OF COUNSEL:
**CERVERA, RALPH & REEVES, LLC**
P. O. Box 325
914 South Brundidge Street
Troy, Alabama 36081
(334) 566-0116


## JURY DEMAND

Plaintiffs demand a trial by jury on all issues of the cause.


_____
Of Counsel for Plaintiffs

-5-

# EXHIBIT

# "B"

## IN THE CIRCUIT COURT OF PIKE COUNTY, ALABAMA

| | | |
|---|---|---|
| DONNIE AND METRA HUGHES, | ) | |
| d/b/a HISTORICAL RENTALS, INC., | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | **CASE NO: CV-2006-246-RWB** |
| | ) | |
| GAB ROBINS NORTH AMERICA, | ) | |
| INC. and TROY RHOADES, | ) | |
| HILB, ROGAL & HOBBS | ) | |
| WHOLSALE INSURANCE SERVICES, | ) | |
| INC., KIRKLIN & CO., LLC, a/k/a | ) | |
| HRH/KIRKLIN & CO., LLC and | ) | |
| RSUI GROUP, INC. | ) | |
| | ) | **TRIAL BY JURY DEMANDED** |
| | ) | |
|     Defendants. | ) | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

**COMES NOW**, the Plaintiffs in the above-styled matter, pursuant to Rule 15 (a) of the

Alabama Rules of Civil Procedure, and do hereby amend their original complaint against GAB

Robins North America, Inc., and Troy Rhoades to add Hilb, Rogal and Hobbs Wholesale

Insurance Services, Inc. and Kirklin & Co., LLC a/k/a/ HRH/Kirklin & Co., LLC and RSUI

Group, Inc. as parties to the action and also so that the complaint shall read as follows:

### STATEMENT OF THE PARTIES

1.    Historical Rentals, Inc., "Plaintiff", is an Alabama corporation incorporated and

doing business in Pike County, Alabama.

2.    GAB Robins North America, Inc., "Defendant GAB", is a corporation

incorporated in Delaware, with an Alabama place of business in Montgomery and

also doing business in Pike County, Alabama through their agent, Troy Rhoades, an Alabama resident.

3.   Troy Rhoades, "Defendant Rhoades", is an Alabama resident doing business in Pike County, Alabama.

4.   Hilb, Rogal and Hobbs Wholesale Insurance Services, Inc. is a corporation incorporated in Delaware doing business in Pike County, Alabama through GAB Robins North America, Inc., Troy Rhodes, and Kirklin and Co., LLC.

5.   Kirklin and Co., LLC. is a corporation incorporated in Delaware doing business in Pike County, Alabama through GAB Robins North America, Inc. and Troy Rhoades.

6.   Hilb, Rogal and Hobbs Wholesale Insurance Services, Inc. and Kirklin and Co., LLC are also known as and do business as HRH/Kirklin & Co., LLC, hereinafter referred to as "Defendant HRH/Kirklin."

7.   RSUI Group, Inc. is a corporation incorporated in Delaware doing business in Pike County, Alabama through GAB Robins North America, Inc., Troy Rhoades, Hilb, Rogal and Hobbs Wholesale Insurance Services, Inc. and Kirklin and Co., LLC.

## COUNT 1

8.   Plaintiffs adopt and reallege paragraphs 1 through 7 above as if fully set forth herein.

9.   On or about the 1st day of April 2004, Plaintiff entered into a written agreement with Defendant HRH/Kirklin and Defendant RSUI through by the terms of which

-2-

Defendant HRH/Kirklin on the authorized behalf of Defendant RSUI agreed to insure Plaintiff's property that is rented or leased to others and intended for rental or lease to others for a term of one year.

10.     In said agreement, Defendant RSUI agreed to pay for damage done to Plaintiff's property that is rented or leased to others and intended for rental or lease to others.

11.     Further, in said agreement, Defendant GAB was named as the adjusting company for said policy with Defendant Rhoades as the named adjuster.

12.     The Plaintiff's property was damaged on September 16, 2004 by Hurricane Ivan and incurred severe additional damage on September 23, 2004.

13.     Shortly thereafter, Plaintiff promptly notified Defendant HRH/Kirklin and Defendant GAB of the damage to the property.

14.     On or about the 6th day of January 2005, Defendant GAB on behalf of Defendant RSUI notified Plaintiff that they had no intention of paying for the cost of repair, thereby breaching said agreement by failing to cover the losses incurred by Plaintiff because of the damaged property.

15.     As a proximate consequence to the Defendants' said breach, Plaintiff has not been able to repair the property and therefore unable to rent or lease the piece of property to any tenants. The cost of repair has been estimated at over $400,000.00. Plaintiff is able to rent the piece of property at a rate of $500.00 per day.

**WHEREFORE**, Plaintiff demands judgment against the Defendants in the sum of the estimated cost of repair plus the loss of income from not being able to rent or lease the property, interest and costs.

## COUNT 2

16.     Plaintiff adopts and realleges paragraphs 1 through 15 above as if fully set forth herein.

17.     In the course of negotiating an agreement to insure Plaintiff, Defendant HRH/Kirklin represented to Plaintiff that Defendant would pay for the cost of

-3-

repairing damages done to Plaintiff's property that is rented or leased to others and intended for rental or lease to others.

18.     The representations Defendant HRH/Kirklin made were false, and Defendants knew they were false when made. Neither Defendant HRH/Kirklin nor Defendant RSUI ever paid for the repair of the damaged property. Defendants made such representations with the intention that Plaintiff should rely upon them.

19.     Plaintiff believed the representations and relied on them in the purchase of the insurance agreement. As a result, Plaintiff did not receive monies owed in order to repair the damaged property and lost and continues to lose money for not being able to rent or lease the damaged property.

**WHEREFORE**, Plaintiff demands judgment against Defendants in an amount a jury deems appropriate.

## COUNT 3

20.     Plaintiff adopts and realleges paragraphs 1 through 19 above as if fully set forth herein.

21.     Plaintiff made a claim with Defendants GAB, RSUI and/or HRH/Kirklin on said policy agreement, but Defendant GAB on or about January 5, 2005, on behalf of Defendant RSUI intentionally refused to pay Plaintiff's claim and denied the same without proper justification.

22.     Defendant GAB's refusal to pay said claim was not based on any reasonably legitimate, arguable or debatable reason for denying the Plaintiff's claim, or, in the alternative, Defendant GAB intentionally failed to determine whether there was a lawful basis for its refusal to pay said claim.

**WHEREFORE**, Plaintiff demands judgment against Defendants in an amount a jury deems appropriate.

-4-

## COUNT 4

23. Plaintiff adopts and realleges paragraphs 1 through 22 above as if fully set forth herein.

24. Shortly after the 23rd day of September, 2004 the Plaintiffs reported the damage to their property to Defendants GAB, RSUI and/or HRH/Kirklin in accordance with the insurance agreement.

25. Under the terms of the insurance agreement, Defendants GAB by and through Defendant Rhoades was to act as the adjuster of the property, thus a fiduciary duty existed between Defendants GAB and its agent Defendant Rhoades to the Plaintiffs.

26. Defendant GAB, through Defendant Rhoades did not ever properly adjust these claims, thereby breaching said fiduciary duty.

27. As a result of Defendant GAB's and Defendant Rhoades' said breach, Defendants HRH/Kirklin and RSUI did not eveer pay these claims thus causing plaintiff to lose money by not being able to rent or lease the property.

## COUNT 5

28. Plaintiff adopts and realleges paragraphs 1 through 27 above as if fully set forth

29. Shortly after the 23rd day of September, 2004 the Plaintiffs reported the damage to their property to Defendants GAB, RSUI and/or HRH/Kirklin in accordance with the insurance agreement.

30. Under the terms of the insurance agreement, Defendants HRH/Kirklin and/or RSUI agreed to pay for covered loss or damage within a reasonable time of receiving the sworn proof of loss from plaintiff.

31. Defendants HRH/Kirklin and RSUI did not ever pay these claims.

32. Defendants HRH/Kirklin and RSUI did not ever pay these claims in the time period that the Defendants and plaintiffs agreed upon thus causing the plaintiffs to

lose money by not being able to rent or lease the property.

     **WHEREFORE**, Plaintiff demands judgment against Defendants in an amount a jury deems appropriate.



     N.J. Cervera (CER001)
     Matthew Baker (BAK017)
     Attorneys for the Plaintiff

OF COUNSEL:
**CERVERA, RALPH & REEVES, LLC**
914 South Brundidge Street
Troy, Alabama 36081
(334) 566-0116

### JURY DEMAND

     Plaintiff demands a trial by jury on all issues of the cause.

     Of Counsel for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been served on this the 6th day of November, 2006 upon:

James S. Lloyd, Esq.
Karen D. Farley, Esq.
Lloyd, Gray & Whitehead, P.C.
2501 Twentieth Place North
Suite 300
Birmingham, Alabama 35223


OF COUNSEL

-7-

# EXHIBIT

## "C"

Jan 25 07 12:36p

P 7







# State of Florida

## Department of State

I certify the attached is a true and correct copy of the Articles of Incorporation of HISTORICAL RENTALS INC, a corporation organized under the laws of the State of Florida, filed on August 25, 1997, as shown by the records of this office

The document number of this corporation is P97000073391

Given under my hand and the Great Seal of the State of Florida at Tallahassee, the Capitol, this the Twenty-second day of October, 1997



*Sandra B Mortham*

Sandra B Mortham
Secretary of State

CR2E022 (2 95)

FILED
87 AUG 25 AM 11: 34
SECRETARY OF STATE
TALLAHASSEE, FLORIDA

CERTIFICATE OF INCORPORATION

-of-

## HISTORICAL RENTALS, INC.

WE, THE UNDERSIGNED, hereby associate ourselves together
for the purpose of becoming a corporation under the laws of the
State of Florida, by and under the provisions of the Statutes of the
said State of Florida.

### ARTICLE I

The name of this corporation shall be:

### HISTORICAL RENTALS, INC.

### ARTICLE II

The corporation may engage in any activity or business
permitted under the laws of the United States and of the State
of Florida.

### ARTICLE III

The maximum number of shares of capital stock that this
corporation is authorized to have outstanding at any one time
is FIVE HUNDRED (500) shares of common stock, having a par value
of ONE ($1.00) DOLLAR PER SHARE.

### ARTICLE IV

The amount of capital with which this corporation will
begin business shall be the sum of not less than FIVE HUNDRED
($500.00) DOLLARS.

### ARTICLE V

This corporation shall exist perpetually unless sooner
dissolved according to law.

### ARTICLE VI

The initial street address of the principal office of
the corporation shall be:

1837 Hagen Point Road

Palmetto, Florida  33476



**ARTICLE VII**

The number of Directors of this corporation shall be at least one (1) and no more than five (5)

**ARTICLE VIII**

The names and street addresses of the members of the first Board of Directors of this Corporation are as follows:

Metra R. Hughes                     Teddy L. Hughes
1897 Bacom Point Road               1897 Bacom Point Road
Pahokee, Florida 33476              Pahokee, Florida 33476

**ARTICLE IX**

The names and street addresses of the persons signing these Articles of Incorporation as subscriber is as follows:

Metra R. Hughes                     1897 Bacom Point Road
                                    Pahokee, Florida 33476
Teddy L. Hughes                     1897 Bacom Point Road
                                    Pahokee, Florida 33476

**ARTICLE X**

The corporate existence of this corporation shall begin on the date the Articles of Incorporation are filed of record

IN WITNESS WHEREOF, the undersigned, Metra R. Hughes  AND Teddy L. Hughes  both being natural persons, competent to contract, have hereunto set their hands and seals this  6th.  day of August  19 97

_____ (SEAL)
_____ (SEAL)

STATE OF FLORIDA)
               )SS
COUNTY OF Palm Beach  )

BEFORE ME, the undersigned Notary Public of the State of Florida personally appeared  Metra R. Hughes  and Teddy L. Hughes  to me well known and known to me to be the individuals described in and who executed the foregoing Articles of Incorporation, and they acknowledged before me that they executed the same freely and voluntarily for the purpose therein expressed.

WITNESS my hand and official seal this  6th  day of August  19 97

_____
Notary Public, State of Florida
My commission expires:

-1-



CERTIFICATE DESIGNATING PLACE OR BUSINESS OR DOMICILE FOR THE SERVICE OF PROCESS WITHIN FLORIDA, NAMING AGENT UPON WHOM PROCESS MAY BE SERVED

IN COMPLIANCE WITH SECTION 607.326 FLORIDA STATUTES, THE FOLLOWING IS SUBMITTED:

FIRST THAT _____
                    HISTORICAL RENTALS, INC.
                    (Name of Corporation)

WITH ITS PLACE OF BUSINESS AT  1097 Swan Point Road  Pahokee  Florida  33476
                              (Business Address, City and State)

HAS NAMED   Richard L. Wolfarson
            (Name of Registered Agent)

LOCATED AT   2911 East Main Street        P.O. Box 617
            (Street Address and Number Of Building.
             Post Office Box Addresses ARE NOT Acceptable)

CITY OF   Pahokee
          (City)                    STATE OF FLORIDA AS ITS AGENT TO ACCEPT SERVICE

OF PROCESS WITHIN FLORIDA.

SIGNATURE X _____
                 (Corporate Officer)  Helen R. Phylon

TITLE   President

DATE   08-06-97

HAVING BEEN NAMED TO ACCEPT SERVICE OF PROCESS FOR THE ABOVE STATED CORPORATION
AT THE PLACE DESIGNATED IN THIS CERTIFICATE, I HEREBY AGREE TO ACT IN THIS CAPACITY
AND I FURTHER AGREE TO COMPLY WITH THE PROVISIONS OF ALL STATUTES RELATIVE TO THE
PROPER AND COMPLETE PERFORMANCE OF MY DUTIES, AND I ACCEPT THE DUTIES AND
OBLIGATIONS OF SECTION 607.326 FLORIDA STATUTES.

SIGNATURE X _____
                 (Registered Agent)
                 Richard L. Wolfarson

DATE   08-06-97

BUREAU OF CORPORATE RECORDS, P.O. BOX 6327, TALLAHASSEE, FL 32314

¹ There is a filing fee of $35.00 for this certificate)

# P97000073391

DATE_____ August 6, 1997

SECRETARY OF STATE
CORPORATION DIVISION
STATE OF FLORIDA
TALLAHASSEE, FLORIDA   32304

RE:   Historical Rentals, Inc.
      (Name of Corporation)

GENTLEMEN:

ENCLOSED HEREWITH ARE THE ARTICLES OF INCORPORATION TOGETHER

WITH A COPY OF SAID ARTICLES FOR   Historical Rentals, Inc.
                                   (Name of Corporation)

AND OUR CHECK IN THE AMOUNT OF 70.00 AS FOLLOWS:

RETURN TO:                    FILING FEE            $15.00
                             CHARTER TAX             $7.00
Richard L. Heffernan, P.A.   REGISTERED AGENT       $25.00
Certified Public Accountant  CERTIFIED COPY          $1.00
P.O. Box 817
2011 E. Main Street
Pahokee, FL 33476            TOTAL                  $122.50

                             RESPECTFULLY SUBMITTED,


561-924-7857                 _____
                             (Individual's Name)
                      (L)

                             Historical Rentals, Inc.
                             (Name of Corporation)


                             D. PROCTER  AUG 10 1997

# EXHIBIT

## "D"

IN THE UNITED STATES DISTRICT FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION
RECEIVED

DONNIE AND METRA HUGHES, d/b/a          *
HISTORICAL RENTALS, INC.,               2007 MAR 13  A 10: 32
                                        *     CIVIL ACTION NO.
        Plaintiffs,                     DEBR ... HACKETT, CLR      2:07CV00222-MHT
                                        *   IN THE CIRCUIT OF PIKE COUNTY,
vs.                                     *     ALABAMA
                                        *
GAB ROBINS NORTH AMERICA, INC.,         *
et al.,                                 *     CIVIL ACTION NO.: 2006-246-RWB
                                        *
        Defendants                      *
                                        *

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant RSUI GROUP, INC., whose

correct name is RSUI INDEMNITY COMPANY (hereinafter "RSUI"), hereby gives notice of

removal of this action from the Circuit Court of Pike County, Alabama to the United States

District Court for the Middle District of Alabama.  As grounds for removal of the action,

Defendant states as follows:

1.      On or about September 22, 2006, Plaintiffs Donnie and Metra Hughes, d/b/a

Historical Rentals, Inc., commenced an action in the Circuit of Pike County, Alabama entitled

*Donnie and Metra Hughes, d/b/a Historical Rentals, Inc. v. GAB Robins North American, Inc.,*

*and Troy Rhoades,* civil action CV-06-246.  A summons was issued by the Circuit Court of Pike

County on or about September 29, 2006.

2.      On or about November 6, 2006, Plaintiff filed its First Amended Complaint in the

Circuit Court of Pike County, Alabama entitled *Donnie and Metra Hughes, d/b/a Historical*

*Rentals, Inc. v. GAB Robins North American, Inc., and Troy Rhoades, Hilb, Rogal & Hobbs*

*Wholesale Insurance Services, Inc., Kirklin & Co., LLC., a/k/a HRH/Kirklin & Co., LLC and*

# EXHIBIT

## "E"

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| DONNIE HUGHES, etc., et al., | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | 2:07cv222-MHT |
| GAB ROBINS NORTH AMERICA, INC., et al., | ) ) ) | |
| Defendant. | ) | |

ORDER

The allegations of the notice of removal are
insufficient to invoke this court's removal jurisdiction
under 28 U.S.C. §§ 1332 (diversity of citizenship) 1441
(removal).   To invoke removal jurisdiction based on
diversity, the notice of removal must distinctly and
affirmatively allege each party's citizenship.   See
McGovern v. American Airlines, Inc., 511 F. 2d 653, 654
(5th Cir. 1975) (per curiam).  The allegations must show
that the citizenship of each plaintiff is different from
that of each defendant.  See 28 U.S.C. § 1332; see also

2 James Wm. Moore, et al., Moore's Federal Practice
§ 8.03[5][b] at 8-16 (3d ed. 2006).

The removal notice is insufficient because it does
not indicate the citizenship of corporate defendant Hilb,
Rogal & Hobbs wholesale Insurance Services, Inc.   The
notice must allege the citizenship of <u>both</u> the State of
incorporation <u>and</u> where the corporation has its principal
place of business.  <u>See</u> 28 U.S.C. § 1332(c)(2); <u>American
Motorists Ins. Co. v. American Employers' Ins. Co.</u>, 600
F.2d 15, 16 and n.1 (5th Cir. 1979) (per curiam).

The notice of removal fails in another respect.   The
notice   gives   the   "residence"   rather   than   the
"citizenship" of plaintiff Donnie Hughes and Metra Hughes
and defendant Troy Rhoades.  An allegation that a party
is a "resident" of a State is not sufficient to establish
that a party is a "citizen" of that State.   <u>Delome v.
Union Barge Line Co.</u>, 444 F.2d 225, 233 (5th Cir.), <u>cert.
denied</u>, 404 U.S. 995 (1971).

It is therefore the ORDER, JUDGMENT, and DECREE of

2

the court that the removing party has until April 6,
2007, to amend the notice of removal to allege
jurisdiction sufficiently, 28 U.S.C. § 1653; otherwise
this lawsuit shall be remanded to state court.

      DONE, this the 21st day of March, 2007.


                        /s/ Myron H. Thompson
                        UNITED STATES DISTRICT JUDGE

# EXHIBIT

## "F"

IN THE UNITED STATES DISTRICT FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DONNIE AND METRA HUGHES, d/b/a | * | |
| HISTORICAL RENTALS, INC., | * | |
| | * | |
| Plaintiffs, | * | |
| | * | CIVIL ACTION NO. 2:07CV222-MHT |
| vs. | * | |
| | * | |
| GAB ROBINS NORTH AMERICA, INC., | * | |
| et al., | * | |
| | * | |
| Defendants. | * | |
| | * | |

## AMENDED NOTICE OF REMOVAL

**TO THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION:**

COMES NOW Defendant RSUI INDEMNITY COMPANY ("RSUI"), by and through counsel, and pursuant to the Court's Order of March 21, 2007, amends its Notice of Removal previously filed to correct the procedural defects therein insufficiently setting forth this Court's jurisdiction. Defendant states that the grounds for the Court's removal jurisdiction are set forth in 28 U.S.C. §§ 1332, 1441 and 1446, and pursuant to said statutes, Defendant RSUI hereby gives notice of removal of this action from the Circuit Court of Pike County, Alabama to the United States District Court for the Middle District of Alabama. As grounds for removal of the action, Defendant states as follows:

## BACKGROUND

On or about September 22, 2006, Plaintiffs Donnie and Metra Hughes, d/b/a Historical Rentals, Inc., commenced an action in the Circuit of Pike County, Alabama entitled *Donnie and*

*Metra Hughes, d/b/a Historical Rentals, Inc. v GAB Robins North American, Inc., and Troy Rhoades,* civil action CV-06-246.

On or about November 6, 2006, Plaintiff filed its First Amended Complaint in the Circuit Court of Pike County, Alabama entitled *Donnie and Metra Hughes, d/b/a Historical Rentals, Inc. v GAB Robins North American, Inc., and Troy Rhoades, Hilb, Rogal & Hobbs Wholesale Insurance Services, Inc.[1], Kirklin & Co., LLC., a/k/a HRH/Kirklin & Co., LLC and RSUI Group, Inc.*

Plaintiff's Complaint and First Amended Complaint allege multiple causes of action against the various Defendants, to include breach of contract, false representation, bad faith, and breach of fiduciary duty.

As set forth below, this Amended Notice is being filed by the properly served Defendants for the Middle District of Alabama, Northern Division, within thirty (30) days of service of "other paper" from which it was first ascertainable that this case was removable, which is within the time allowed by law for the removal of this civil action to the United States District Court. True and correct copies of all process, pleadings and orders served upon Defendants in said action are attached hereto as Exhibit "A."[2]

## DIVERSITY OF CITIZENSHIP

Putative Plaintiffs Donnie and Metra Hughes[3] are both resident citizens of the State of Florida. *See* Exhibit "B".

---

[1] On April 3, 2007, Plaintiff filed its Motion to Dismiss Defendant Hilb, Rogal & Hobbs Wholesale Insurance Services, Inc., with this Court.

[2] In order to minimize the Court's paperwork, Defendants are not resubmitting copies of the actual exhibits filed with the original notice of removal. However, the exhibits have not changed in the amended notice of removal.

[3] It is unclear from Plaintiffs' pleadings whether the individuals are real parties in interest or simply owners of the corporation which is the policy holder of the subject insurance policy.

For purposes of diversity jurisdiction, a corporation is a citizen of the state wherein it is incorporated and has its principal place of business. 28 U.S.C. § 1332 (c)(1). Plaintiff Historical Rentals, Inc., is incorporated in the State of Florida with its principal place of business in Florida. Therefore, for purposes of diversity jurisdiction analysis, Plaintiff Historical Rentals, Inc., is a citizen of the State of Florida.

Defendant GAB Robins North America, Inc., is a company incorporated and organized under the laws of the State of Delaware, having its principal place of business in the State of New Jersey where its corporate headquarters are located. For purposes of diversity jurisdiction analysis, GAB Robins North America, Inc., is a citizen of both the State of New Jersey and the State of Delaware. Therefore, GAB Robins North America, Inc., is not a citizen of the State of Florida, and is completely diverse from Plaintiffs.

Defendant HRH/Kirklin and Company, LLC, is a company incorporated and organized under the laws of the State of Delaware, having its principal place of business in the State of Nebraska where its headquarters are located. For purposes of diversity jurisdiction analysis, HRH/Kirklin and Company is a citizen of both the State of Nebraska and the State of Delaware. Therefore, HRH/Kirklin and Company, LLC, is not a citizen of the State of Florida, and is completely diverse from Plaintiffs.

Defendant RSUI Indemnity Company is a company incorporated and organized under the laws of the State of Delaware, having its principal place of business in the State of Georgia where its headquarters are located. For purposes of diversity jurisdiction analysis, RSUI is a citizen of both the State of Georgia and the State of Delaware. Therefore, RSUI, is not a citizen of the State of Florida, and is completely diverse from Plaintiffs.

3

Upon information and belief, Defendant Hilb, Rogal and Hobbs Wholesale Insurance Services, Inc., who was not properly served and did not appear in this matter, was a company incorporated and organized under the laws of the State of California, having its principal place of business in the State of California where its headquarters were located.    Further, upon information and belief, Defendant Hilb, Rogal and Hobbs Wholesale Insurance Services, Inc., was merged out of existence, the surviving corporation of the merger is believed to be Hilb, Rogal & Hobbs Insurance Services of California, Inc., a company incorporated under the laws of the State of California, having its principal place of business in the Commonwealth of Virginia. For purposes of diversity jurisdiction analysis, Hilb, Rogal and Hobbs Wholesale Insurance Services, Inc., was a citizen of the State of California; and Hilb, Rogal & Hobbs Insurance Services of California, Inc., is a citizen of both the State of California and the Commonwealth of Virginia.    Either way, Hilb, Rogal and Hobbs Wholesale Insurance Services Inc., was/is not a citizen of the State of Florida, and is completely diverse from Plaintiffs.

Troy Rhoades is an Alabama citizen, therefore, he is completely diverse from Plaintiffs, who are all citizens of the State of Florida.   Plaintiffs have argued that this case is not removable even though there is complete diversity between the parties, because one of the removing defendants is a citizen of the forum state.   However, as set forth in more detail below, and in Defendant RSUI's Brief in Response to Plaintiffs' Motion to Remand, Troy Rhoades citizenship may be ignored for removal purposes because he has been fraudulently joined.   *Wright v. State Farm Fire and Cas. Co*, 1997 WL 114902; 1997 U.S. Dist. LEXIS 2988 (M.D. Ala. 1997). Accordingly, <u>there is complete diversity of the citizenship between the Plaintiffs and each Defendant</u>.

4

## TIMELINESS OF REMOVAL

The removal of this matter has been made timely. Pursuant to 28 U.S.C. § 1446 (b):

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by a § 1332 of this title more than one year after commensurate of the action.

(emphasis added). In Plaintiffs' Complaint and First Amended Complaint, it is alleged that Historical Rentals, Inc., is an Alabama Corporation doing business in Pike County, Alabama. Plaintiff alleges that Defendant Troy Rhoades is also an Alabama citizen doing business in Pike County, Alabama. Further, Plaintiff alleges that Defendants GAB Robins North America, Inc.; HRH/Kirklin and Company, LLC; Hilb, Rogal and Hobbs Wholesale Insurance Services, Inc., and RSUI are all Delaware Corporations doing business in Alabama. Plaintiffs' original Complaint and First Amended Complaint set forth allegations that Plaintiffs are Alabama citizens, and Defendant Troy Rhoades is an Alabama citizen. Based on these alleged jurisdictional facts, including the fraudulent joinder of a non-diverse party, it appeared at that time that the parties, as stated by the initial pleadings, were not completely diverse, and that the case was not removable.

However, on or about February 9, 2007, Plaintiff served Defendant RSUI with its unverified responses to RSUI's first interrogatories and request for production. In response to request for production number 8, Plaintiff provided a copy of the driver's licenses for Donnie and Metra Hughes, and a copy of the Articles of Incorporation for Historical Rentals, Inc. *See* Exhibit "B". Based on the documentation provided by Plaintiff to Defendants, Plaintiffs Donnie

5

and Metra Hughes are resident citizens of the State of Florida, and Historical Rentals, Inc., is a company incorporated in the State of Florida with its principal place of business in Florida, thus a citizen of the State of Florida for diversity jurisdiction analysis.  Within thirty (30) days of Defendant RSUI's receipt of "other paper" (i.e., documentation of the citizenship of the Plaintiffs), and pursuant to FRCP 6, Defendant timely removed this action to the United States District Court for the Middle District of Alabama, Northern Division.  Pursuant to F.R.C.P. 15(c), this Amended Notice of Removal relates back to the filing of the original Notice of Removal filed March 13, 2007.  *Illinois Psychiatric Hosp. Co., Inc. v. Cook*, 1992 WL 368053 (N.D. Ill.)(*relying on Northern Illinois Gas Co. v. Airco Industrial Gases, Div. Of Airco, Inc.*, 676 F.2d 270 (7th Cir. 1982).

## FRAUDULENT JOINDER

A defendant's "right of removal cannot be defeated by a fraudulent joinder of a resident defendant with no real connection with the controversy." *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921).  The joinder of the plaintiff's claims can be so egregious so as constitute fraudulent joinder, because it wrongfully deprives a defendant of the right of removal.  *See Alabama Southern Railway Co. v. H. C. Thompson*, 200 U.S. 206, 218 (1906).  In referring to diversity cases, 28 U.S.C. § 1441(b)'s language directs the court to align the citizenship of the parties properly joined.  If a party is improperly added, the court should disregard that joinder for purposes of removal.  Thus, an action may be removable if it is shown that an in-state defendant was fraudulently joined.

To determine whether a defendant has been fraudulently joined, the Eleventh Circuit applies a twofold test: the removing party must show either (1) that there is no possibility the plaintiff could establish a cause of action against the resident defendant under state law, or (2)

that the plaintiff fraudulently pled jurisdictional facts. *Wright v. State Farm Fire and Cas. Co*,

1997 WL 114902; 1997 U.S. Dist. LEXIS 2988 (M.D. Ala. 1997). (citing *Cabalceta v. Standard*

*Fruit Co*, 883 F.2d 1553, 1561 (11th Circuit 1989)). The court must determine whether there is

arguably a reasonable basis for predicting that state law might impose liability. *Travis v. Irby,*

326 F.3d 644, 648 (5th Cir. 2003). To determine whether a resident defendant has been

fraudulently joined, district courts are to apply a proceeding similar to that used for a ruling on a

motion for summary judgment under Fed. R. Civ. P. 56(b). *Crowe v. Coleman,* 113 F.3d 1536,

1538 (11th Cir. 1997) (citations omitted).

In this case, as is discussed below, removal is proper because: 1) there is complete

diversity, and 2) the in-state Defendant, Troy Rhoades, has been fraudulently joined. Indeed,

there is no reasonable possibility (and no possibility) that state law would allow recovery against

the in-state Defendant, Troy Rhoades. A review of Alabama law that would govern Plaintiffs'

claims against Troy Rhoades clearly shows the inability of Plaintiffs to establish a cause of

action in state court against the in-state Defendant, Troy Rhoades.

Plaintiffs allege that Defendant Troy Rhoades, as the adjustor of their insurance claims,

owed a fiduciary duty to Plaintiffs, and that Rhoades breached said fiduciary duty when he did

not properly adjust their claims. Plaintiffs' allegations against Defendant Rhoades for breach of

fiduciary duty are grounded in negligence. In this case, as discussed below, Plaintiffs' claims

against Defendant Rhoadess cannot be sustained because the Defendant Rhoades did not owe

any duty to Plaintiffs. Accordingly, under Alabama law, there is no reasonable possibility (and

no possibility) that the Plaintiffs would be able to establish a cause of action against Defendant

Troy Rhoades.

## SHORT AND PLAIN STATEMENT OF GROUNDS FOR REMOVAL

In the instant case, Plaintiffs' claims are based on breach of contract, false representation, bad faith, and breach of fiduciary duty. In Count Four of Plaintiffs' First Amended Complaint, Plaintiffs allege that Defendant Troy Rhoades was the adjustor of their insurance claims, a fiduciary duty existed between Rhoades and the Plaintiffs, and that Rhoades did not properly adjust their claims. Therefore, Plaintiff alleges Rhoades breached a fiduciary duty owed to Plaintiffs. Plaintiffs' allegations against Defendant Rhoades for breach of fiduciary duty are grounded in negligence. In other words, Plaintiffs allege that Defendant Rhoades negligently adjusted Plaintiffs' claims, and that Defendant's negligence or breach of fiduciary duty was the proximate cause of Plaintiffs' damages (i.e., monies owed under an insurance contract).

The obligations to properly handle an insurance claim and to pay benefits under the policy are contractual in nature. No such privity of contract existed between Plaintiff and Troy Rhoades. Although Alabama law recognizes one extra-contractual cause of action against an insurer in the first party context -- bad faith failure to pay -- it has repeatedly declined to allow any extra-contractual causes of action for negligence in the handling of an insurance claim by an insurer. *See Kervin v. Southern Guaranty Ins. Co.*, 667 So.2d 704 (Ala. 1995); *Pate v. Rollison Logging Equipment, Inc.*, 628 So.2d 337 (Ala. 1993); *Chavers v. Nat'l Sec. Fire & Cas. Co.*, 405 So.2d 1 (Ala. 1981); *Calvert Fire Ins. Co. v. Green*, 180 So.2d 269 (Ala. 1965).

In fact, the majority of jurisdictions addressing this issue have declined to hold an adjustor liable for any alleged negligence in the handling or adjusting of an insurance claim. *See e.g., Motin v. Travelers Ins. Co.*, 2003 WL 22533673, *4 (E.D. La. 2003); *Charleston Dry Cleaners & Laundry, Inc., v. Zurich American Ins. Co.*, 355 S.C. 614, 586 S.E.2d 586, 589 (S.C. 2003); *Meineke v. GAB Business Services, Inc.*, 195 Ariz. 564, 991 P.2d 267 (Ariz. Ct. App.

8

2000); *Sanchez v. Lindsey Morden Claims Services, Inc.*, 72 Cal. App. 4th 249, at 254 – 255;
*Dear v. Scottsdale Ins. Co.* 947 S.W.2d 908, 917 (Tex. App. 1997); *Velastequi v. Exchange Ins.
Co.*, 132 Misc. 2d 896, 505 N.Y.S. 2d 779, 780 (N.Y. Civ. Ct. 1986).

Thus, Defendant submits that under Alabama law, an independent adjustor owes no duty
to an insurer.  Because an independent adjustor owes no duty to an insured, fiduciary or
otherwise, there is no possibility that Plaintiffs' can establish a cause of action against Defendant
Troy Rhoades, an independent adjustor, for breach of fiduciary duty.

Under the test set out in *Wright*, *supra*, Defendant Troy Rhoades has been fraudulently
joined in this action, and therefore, the Court may disregard his citizenship in determining
whether it has removal jurisdiction.  It is clear, as an original matter, that complete diversity
between each Plaintiff and each Defendant exists, and once the Court disregards the citizenship
of Defendant Rhoades, it is also clear that no Defendant is a citizen of the forum state.

## AMOUNT IN CONTROVERSY

Plaintiff's Complaint and First Amended Complaint allege that the cost of repair of the
insured property in this matter is estimated to exceed $400,000.00.  *See* Plaintiff's First
Amended Complaint, ¶ 15.  Plaintiff seeks to recover against the Defendants a sum in the amount
of the estimated costs of repairs, plus $500.00 per day for loss of income.  *Id.*  Plaintiff also seeks
other unspecified compensatory and punitive damages.  It is clear from the face of Plaintiffs First
Amended Complaint that the amount in controversy exceeds the sum of $75,000.00, exclusive of
interest and costs.  Hence, this case exceeds the amount in controversy threshold for diversity
jurisdiction set out at 28 U.S.C. § 1332 (a).

Defendants have thus demonstrated by a preponderance of the evidence that the amount
in controversy, exclusive of interests and costs, exceeds the jurisdictional minimum, particularly

9

given the Plaintiffs' demand for damages in excess of $400,000.00 in compensatory damages, and Plaintiffs' unlimited demand for punitive damages.    Accordingly, federal diversity jurisdiction exists, and Defendants are entitled to remove this action pursuant to 28 U.S.C. §§ 1332 and 1441.

## CONSENT TO REMOVAL and VENUE

Defendants GAB Robins North America, Inc.; Troy Rhoades; HRH/Kirklin and Co., LLC; and consent to this removal as noted in the consent to removal form filed herewith. Upon information and belief, Defendant Hilb, Rogal and Hobbs Wholesale Insurance Services, Inc., has not been properly served with process, has not answered Plaintiff's First Amended Complaint, and has not appeared in this matter; therefore, consent by Hilb, Rogal and Hobbs Wholesale Insurance Services, Inc., is not required at this time pursuant to 28 U.S.C. § 1446(b).

Venue is proper in this District under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action has been pending. A copy of this Notice of Removal is being served upon all counsel of record. A true and correct copy of this Notice of Removal is being filed with the Circuit Court of Pike County, Alabama, in accordance with 28 U.S.C. § 1446(d).

Defendants reserve the right to amend this Notice of Removal as deemed necessary or appropriate.

## CONCLUSION

This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332. Because the in-state Defendant Troy Rhoades has been fraudulently joined and he is due to be dismissed, there is complete diversity of citizenship between the parties. Further, the Defendants have shown that the amount in controversy, exclusive of interest and costs, exceeds $75,000.00; thus,

the minimum amount required for diversity jurisdiction exists. Defendants should not be deprived of their constitutional right to a federal forum in this case under Article III of the United States Constitution.

WHEREFORE, Defendant RSUI files this Amended Notice of Removal so as to effect the removal of this action from the Circuit Court of Pike County, Alabama to this Court. Such Defendant prays that this Honorable Court will make such other and further orders as may be appropriate to effect the preparation and filing of a record in this cause, so that all proceedings that may have been had in the said circuit court are removed to this Court. Such Defendant further prays that the removal of this cause to this Court be effected and that no further or other proceedings shall be had with respect to this cause in the Circuit Court of Pike County, Alabama.

Respectfully submitted,

s/Juan C. Ortega

_____
HELEN JOHNSON ALFORD (ALF002)
JUAN C. ORTEGA (ORT001)
Attorneys for Defendant RSUI Indemnity Company

OF COUNSEL:

ALFORD, CLAUSEN & McDONALD, LLC
One St. Louis Centre, Suite 5000
Mobile, Alabama 36602
(251) 432-1600
(251) 432-1700 (fax)

11

<u>CERTIFICATE OF SERVICE</u>

I certify that I have served a copy of the foregoing on counsel for all parties by depositing a copy of same in the United States mail, properly addressed and first class postage prepaid:

N.J. Cervera, Esq.
Matthew Baker, Esq.
CERVERA, RALPH & REEVES, LLC
914 South Brundidge Street
Troy, AL  36081

James S. Lloyd, Esq.
Karen D. Farley, Esq.
LLOYD, GRAY & WHITEHEAD, P.C.
2501 Twentieth Place North, Suite 300
Birmingham, AL  35223

Tom Burgess, Esq.
BURGESS & HALE, L.L.C.
505 North 20th Street, Suite 300
Birmingham, AL  35203

Done this 5th day of April, 2007.


                                    s/Juan C. Ortega
                                    _____
                                    COUNSEL

12

# EXHIBIT

# "G"

**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION**

DONNIE and METRA HUGHES, d/b/a )
HISTORICAL RENTALS, INC.,            )
                                                     )
    **Plaintiffs,**                            )
v.                                                    )          **Case No.: 2:07-cv-222-MHT-WC**
                                                     )
GAB ROBINS NORTH AMERICA,       )
INC., et al.                                       )
                                                     )
    **Defendants.**                         )

**PLAINTIFFS' MOTION TO REMAND**

COMES NOW, the Plaintiffs, in the above styled action, and do hereby move this Honorable

Court to remand this action to the Circuit Court of Pike County pursuant to USCA §1332, §1441,

and established Federal case law, as this matter was improperly removed from the state court where

it was originally filed. As grounds for remand, the Plaintiffs show unto the Court as follows:

    1.    28 USCA §1441 (b) plainly states:

> Any civil action of which the district courts have original jurisdiction
> founded on a claim or right arising under the Constitution, treaties or laws of
> the United States shall be removable without regard to the citizenship or
> residence of the parties. Any other such action *shall* be removable *only* if
> none of the parties in interest properly joined and served as defendants is a
> citizen of the State which such action is brought. (emphasis added)

    2.    Here, Plaintiffs' claims are based on breach of contract, false representation, bad

faith, and breach of fiduciary duty, all claims brought under the Code of Alabama and

filed in the state of Alabama. (See Plaintiff's First Amended Complaint and

Defendant RSUI Group, Inc.'s Notice of Removal, page 2, paragraph 3)

    3.    There is no claim made that is "founded on a claim or right arising under the

Constitution, treaties or laws of the United States" as 28 USCA §1441 (b) mandates for removal "without regard to citizenship or residence."

4. In accordance with the requirements of 28 USCA §1441 (b), in order for this case to be removable, "none of the parties in interest properly joined and served as defendants is a citizen of the State which such action is brought."

5. Troy Rhoades is a named defendant in this action and was served on November 8, 2006. (See Defendant RSUI Group, Inc.'s Notice of Removal, page 3, paragraph 5)

6. Troy Rhoades is a resident of the state of Alabama, the state where this action was filed. (See Defendant RSUI Group, Inc.'s Notice of Removal, page 5, paragraph 8)

7. Therefore, Troy Rhoades is a "citizen of the State which such action is brought" which therefore disqualifies this case from being removed from Pike County Circuit Court to any United States District Court.

8. Additionally, or in the alternative, Plaintiffs argue that there is not complete diversity of citizenship, which is one requirement for this case to have been properly removed.

9. According to 28 USCA §1441 (c) (1):

> a corporation shall be deemed to be a citizen of any state by which it has been incorporated and of the State where it has its principal place of business, *except* that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as any State by which the insurer has been incorporated and of the State where it has its principal place of business; (emphasis added)

10. In the instant case, Defendants RSUI Group, Inc. and/or Kirklin & Co., LLC issued a policy of insurance to the Plaintiffs in which the Plaintiffs were afforded liability

coverage. (See attached Plaintiff's Exhibit A, Legal Liability Coverage Form from the Insurance Policy Issued to the Plaintiffs, made a record to this Court in Defendant RSUI Group Inc's Notice of Removal)

11.     The fact that Plaintiffs have imposed a direct action against Defendants RSUI Group, Inc. and Kirklin & Co., LLC, coupled with the fact that Defendants RSUI Group, Inc. and/or Kirklin & Co., LLC issued a policy of insurance that afforded liability coverage to the Plaintiffs would, according to 28 USCA §1441 (c) (1), view Defendants RSUI Group, Inc. and Kirklin & Co., LLC as citizens of the same state that the insured is a citizen.

12.     Therefore, complete diversity in this action is unattainable, which would defeat Defendant RSUI Group, Inc.'s grounds for removal.

13.     Accordingly, because there is not complete diversity or citizenship in the case and/or one of the Defendants, namely Troy Rhoades, is a citizen of the state where the action was filed, this matter was improperly removed from the Circuit Court of Pike County, Alabama and should be remanded to the state court where it was originally filed.

WHEREFORE, Plaintiffs file this Motion to Remand, and based upon the applicable laws and rules of procedure, and also the above stated facts and legal arguments, the Plaintiffs do pray that this Honorable Court remand this case to the state court of original filing, the Circuit Court of Pike County, Alabama.

Respectfully submitted this the 16th day of March, 2007.

3

s/ N.J. Cervera
N.J. CERVERA (CER001)
MATTHEW M. BAKER (BAK017)


OF COUNSEL:

**CERVERA, RALPH & REEVES, LLC**
914 South Brundidge Street
P.O. Box 325
Troy, Alabama 36081
(334) 566-0116 telephone
(334) 566-4073 facsimile

## CERTIFICATE OF SERVICE

I hereby certify that I have this date electronically filed the foregoing with the Clerk of Court using the CM/ECF system and served a copy of same by placing the same in the U.S. Mail, on this the <u>16th</u> day of March, 2007 postage prepaid and properly addressed to:

Helen Johnson Alford, Esq.
Juan C. Ortega, Esq.
ALFORD, CLAUSEN & McDONALD, LLC
One St. Louis Centre, Suite 5000
Mobile, Alabama 36602

Tom Burgess, Esq.
BURGESS & HALE, L.L.C.
505 North 20th Street, Suite 300
Birmingham, Alabama 35203

James S. Lloyd, Esq.
Karen D. Farley, Esq.
LLOYD, GRAY & WHITEHEAD, P.C.
2501 Twentieth Place North, Suite 300
Birmingham, Alabama 35223

this the 16th day of March, 2007.

s/ N.J. Cervera
OF COUNSEL

4

# EXHIBIT

## "H"

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **COMPUTERIZED SECURITY SYSTEMS, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION  06-0685-KD-C** |
| | ) | |
| **AUTO OWNERS INSURANCE, FRANKLIN ENGINEERING d/b/a FRANKLIN TECHNICAL SERVICES, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

This matter is before the Court on the following: defendant Franklin Technical Services,

Inc.'s ("Franklin Technical") motion to dismiss and brief in support (Docs. 7, 8); plaintiff's brief

in opposition thereto (Doc. 16), and defendant's reply brief (Doc. 17). The motion has been

fully briefed and is now ripe for the Court's consideration.

I.     Background

Plaintiff, Computerized Security Systems, Inc., filed the instant complaint on September

7, 2006, against defendants Auto-Owners Insurance ("Auto-Owners") and Franklin Technical

(Doc. 2, Complaint)  Plaintiff alleges, in sum,  breach of contract, (Count I) bad faith (Count II),

and negligent claims handling against Auto-Owners (Count III)  and a claim for negligence

against Franklin Technical (Count III). (Id.) Specifically, plaintiff states that when Hurricane

Ivan made landfall along the Gulf Coast on September 15, 2004 it had in place two insurance

1

policies issued by Auto-Owners. Plaintiff contends that it sustained substantial damage to its'

business offices as a result of the storm and based upon the policy provisions contained in the

insurance contracts, Auto-Owners is liable for the damage incurred. (Id. at ¶ 4) Plaintiff

maintains that after it notified Auto Owners of the claim, Auto Owners hired Franklin Technical,

to investigate the loss. (Doc. 2 at ¶ 22). Plaintiff contends that after Franklin Technical

investigated the claim, the claim was denied. (Id.) Thereafter, plaintiff filed the instant action

against Auto Owners and its adjuster, Franklin Technical.

II.    Standard for Motion to Dismiss

Defendants now move the Court for an order dismissing plaintiffs' complaint pursuant to

Federal Rules of Civil Procedure 12. (Doc. 52) A defendant may move to dismiss a complaint

pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure if plaintiff has failed to state a

claim for which relief may be granted. Fed. R. Civ. P. 12(b)(6). A 12(b)(6) motion tests the

legal sufficiency of a plaintiff's claim and the court construes all allegations as set forth in

plaintiff's complaint as true and resolves all inferences in favor of the plaintiff. United States v.

Gaubert, 499 U.S. 315, 327 (1991); Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990).

The Eleventh Circuit has held that "a complaint should not be dismissed for failure to state a

claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his

claim which would entitle him to relief." In re Johannessen, 76 F.3d 347, 349 (11th Cir.

1996)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). "As a general rule, conclusory

allegations and unwarranted deductions of fact are not admitted as true in a motion to dismiss."

South Fla. Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 408 n. 10 (11th Cir.1996). However,

the threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to

state a claim. Ancata v. Prison Health Services, Inc., 769 F.2d 700, 703 (11th Cir.1985). With

this legal framework in mind, the Court now turns to defendant's specific grounds for dismissal.

III.    Analysis

Defendant moves for dismissal of plaintiff's negligence claim on the grounds, in sum,

that plaintiff "attempts to raise extra-contractual claims against a party not in privity to the

insurance contract" and that "Alabama law does not recognize a cause of action for the negligent

handling of an insurance claim." (Doc. 8 at 2) Defendant argues that the obligations to properly

handle an insurance claim and to pay benefits under the policy are contractual in nature and that

no such privity of contract existed between plaintiff and Franklin Technical. (Id.) Rather,

defendant maintains that "[a]ll such obligations under contract, if any, were between the insurer,

Auto-Owners, and the insured, Plaintiff." (Id.)

Defendant concedes that while Alabama law recognizes one extra-contractual cause of

action against an insurer in the first party context - bad faith failure to pay – it has repeatedly

declined to allow any extra-contractual causes of action for negligence in the handling of an

insurance claim by an insurer.  (Id. at 3) Defendant maintains that since under Alabama law an

insurer cannot be held liable for the negligent handling of an insurance claim, there can be no

cause of action for the negligent handling of an insurance claim by an investigator, hired by an

insurer to assist it in evaluating the claim. (Doc. 8 at 3) Defendant argues that "[t]he power to

grant or deny benefits under the policy provisions rests with the insurer, not with an independent

investigator [and] [a]s such, it is the insurer who has the ability to limit its exposure under the

contract." (Id. at 4)  In support of its argument defendant cites Kervin v. Southern Guaranty Ins.

Co., 667 So. 2d 704 (Ala. 1995); Pate v. Rollison Logging Equipment, Inc , 628 So. 2d 337 (Ala.

1993); <u>Chavers v. Nat'l Sec. Fire & Cas. Co.</u>, 405 So. 2d 1 (Ala. 1981) and <u>Calvert Fire Ins. Co.</u>

<u>v. Green</u>, 180 So. 2d 269 (Ala. 1965). These cases reiterate the Alabama courts longstanding

refusal to recognize a cause of action for negligent or wanton handling of insurance claims but

do not squarely address the narrow issue presently before this Court.

In response, plaintiff contends that the authority cited by defendant fails to substantiate

its' position. Specifically, plaintiff argues that the defendant has cited only to cases holding that

an insurer (under contract with the insured) cannot be liable for the negligent handling of an

insurance claim. (Doc. 16 at 2) Plaintiff concedes that under Alabama law an insured's cause of

actions against an insurer are limited to breach of contract and bad faith. (<u>Id.</u> at 3) However,

plaintiff contends that the Alabama Supreme Court, in <u>Baldwin Mut. Ins. Co. v. Brantley,</u> 518

So. 2d 32, 36 (Ala. 1987), recognized a cause of action, by an insured against an adjuster for the

negligent handling of an insurance claim. (<u>Id</u> at 2-3) Plaintiff argues that "[i]t is completely

illogical to argue that an Adjuster does not have a duty to investigate, a duty to negotiate, and a

duty to not negligently handle the insured's claim." (<u>Id.</u> at 3) [1]

In reply to plaintiff's opposition brief, defendant strongly contests plaintiff's

interpretation of <u>Baldwin Mutual</u>, arguing instead that the case " merely affirms that an

insurance agent, who assumed a duty to help an insured process a claim, had a duty to exercise

due care in so helping the insured [and] [i]t does not create a cause of action against an adjuster

for negligent claim handling." (Doc. 17 at 3) Defendant argues that it is not taking the position

---

[1]Plaintiff also cites the Court to <u>Travelers v. Griner,</u> 809 So. 2d 808, 811 (Ala 2001)
(workers compensation claims administrator held liable to insured for the intentional infliction of
emotional distress) and <u>Spooner v. State Farm Mut.,</u> 709 So. 2d 1157, 1160 (reversing summary
judgment for insurer and its claims representative on insured's fraud claim) Plaintiff's reliance
on these cases is not persuasive since they fail to address the issue of whether a negligence
action may be maintained against an independent adjuster.

that an adjuster can *never* be liable for negligence committed in the handling of a claim. Rather,

defendant contends that "the actual harm asserted in Count III is not independent of the

insurance benefits and that, under Alabama law, there is no "negligent adjusting" cause of action

for insurance benefits." (Id.)

Plaintiff's complaint alleges, in part, the following claim against defendant Franklin

Technical:

> Pursuant to the Homeowners Insurance Policies, Auto-Owners Insurance hired
> Franklin Engineering to adjust the loss for Plaintiff. In adjusting the loss,
>
> Defendants were negligent in one or more of the following respects:
>
> a.    negligently failing to properly inspect the business offices for covered losses;
> b.    negligently undertaking their duty to pay for covered losses; and
> c.    negligently hiring and supervising their employees and agents in the adjustment
>        to determine covered losses.
> d.    negligently failing to properly review the facts and proof submitted by Plaintiff.

(Doc. 2 at ¶ 22)

Plaintiff's claim against Franklin Technical is one of simple negligence. While the

parties have correctly noted that, under Alabama law, an insurer cannot be held liable for the

negligent handling of an insurance claim, see West Beach Development Co., L.L.C. v. Royal

Indem. Co. 2000 WL 1367994 (S.D.Ala., September 19, 2000) quoting Kervin v. Southern

Guaranty Ins. Co., 667 So.2d 704, 706 (Ala.1995) ( "Alabama Courts have 'consistently refused

to recognize a cause of action for the negligent handling of insurance claims, and it will not

recognize a cause of action for alleged wanton handling of insurance claims.'"), the issue of

whether an insurance adjuster, hired by the insurer can held liable for negligence appears to be

one of first impression in Alabama.

In support of the argument that Alabama recognizes a simple negligence claim against an

5

adjuster, plaintiff relies on <u>Baldwin Mut. Ins. Co. v. Brantley</u>.  However, the Court finds that

<u>Baldwin</u> is not helpful in resolving the issue in this case.  In <u>Baldwin</u>, the Alabama Supreme

Court upheld a jury verdict in favor of an insured in an action against an insurer and its agents

based on the agent's negligence in assisting the insured with his claim.  518 So. 2d at 36.[2]

However, the plaintiff in that case *did not sue* FCIC, the claims adjuster.  See <u>Sanchez v.</u>

<u>Lindsey Morden Claims Services, Inc.</u>, 72 Cal. App. 4th 249, 256 (Cal.Ct.App.1999)("As best as

we can tell, none of the defendants in the <u>Baldwin</u> case was an adjuster hired by the insurer.

FCIC (Federal Crop Insurance Corporation), the claims adjuster involved, was not a defendant in

_____

[2]  The Court reasoned, in part, as follows:

First, Baldwin Mutual undertook the task of helping Richard Brantley complete his claim for insurance proceeds. It is axiomatic that one who assists another binds himself to exercise due care. Not only did Baldwin Mutual know that Richard Brantley possessed limited knowledge of the proper way in which to complete the required forms, but it also knew that time was of the essence concerning the processing of his claim. In spite of this knowledge, there was evidence adduced at trial that agents for Baldwin Mutual sent out incomplete information, mailed things at a leisurely pace, and even mailed them to the wrong office. Considering what the jury had before it, we cannot say that its findings were totally unsupported by the evidence or manifestly unjust or wrong.

To summarize, there was evidence presented that Frank Turner [agent for insurer] was sent by Baldwin Mutual to help Richard Brantley fill out his acreage report forms in order to get crop insurance on his farm. There was testimony produced at trial from which the jury could have concluded that Turner led Brantley to believe that all he needed to do in order to receive separate insurance coverages on each of his units on his farm was to keep separate production records. Brantley did this, and it was not until after the FCIC claims adjuster visited the farm that Brantley found out that his farm did not qualify for unit division. By this time, Brantley had already expended extra time and money in changing his harvesting procedures to abide by the terms of his insurance policy, and had waited past the deadline for obtaining insurance on his new soybean crop on two units.

518 So. 2d at 36.

the case. Thus the case does not speak to our issue." )

A review of the jurisdictions addressing the issue of whether a negligence claim can be

brought against an independent insurance investigator/adjuster reveals a split in opinion. Some

courts have recognized that such a claim may lie against an adjuster. See Morvay v. Hanover

Ins. Co., 506 A.2d 333 (N.H. 1986) [3] and Brown v. State Farm Fire & Casualty Co., 58 P.3d 217

(Ok 2002). However, the majority of the jurisdictions that have reached this issue have

determined that there is no cognizable claim, see, e.g., Motin v. Travelers Insurance Company,

et al, 2003 WL 22533673, *4 (E. D. La.2003)( an insurance adjustor does not owe an

independent tort duty to the insured); Charleston Dry Cleaners & Laundry, Inc. v. Zurich

American Ins. Co., 355 S.C. 614, 586 S.E.2d 586, 589 (S.C.2003) (holding that it would not

recognize "a general duty of due care from an independent insurance adjuster or insurance

adjusting company to the insured, and thereby align South Carolina with the majority rule on this

issue"); Meineke v. GAB Business Services, Inc., 195 Ariz. 564, 991 P.2d 267

---

[3] In Morvay, plaintiffs filed a claim under their insurance policy with Hanover after their property was damaged by fire. Hanover in turn hired Verity Research Limited to investigate the fire. The investigator assigned to the case filed a report with Hanover indicating that the fire was incendiary in origin. Consequently, Hanover refused payment on the Morvays' claim. The plaintiffs filed suit against the insurer and the adjuster for negligent investigation. The trial court dismissed that claim, and the New Hampshire Supreme Court reversed, reasoning that the investigators "were fully aware that the plaintiffs could be harmed financially if they performed their investigation in a negligent manner and rendered a report to Hanover that would cause the company to refuse payment to the plaintiffs," and that they also knew that there was "a mutual duty of fair dealing between Hanover and the plaintiffs." Id. at 335. The court further reasoned that, "although the contractual relationship exists solely between the insurer and the investigators, and the investigators may give reports only to the insurer, the insured is a foreseeably affected third party." Id. Accordingly, the court held that "the investigators owe a duty to the insured as well as to the insurer to conduct a fair and reasonable investigation of an insurance claim and -- the motion to dismiss should not have been granted." Id. The court further noted that "the scope of the investigator's duty must be determined in light of their contract with the insurer." (Id.)

7

(Ariz.Ct.App.2000) (holding that the relationship between investigator and insured is sufficiently attenuated by the insurer's control over the investigator that investigator owes no legal duty to insureds and is not subject to negligence liability for allegedly mishandling claim);  Sanchez v. Lindsey Morden Claims Services, Inc., 72 Cal.App.4th at 254-55 (holding that policy concerns-including the fact that adjuster's role in claims process is secondary to that of insurer but duty of care could expose adjuster to greater liability, the improbability that imposition of a duty would enhance deterrence, the likelihood that a duty would subject adjuster to conflicting loyalties-as well as the general law of agency militate against imposing a duty of care owed by insurer-retained adjusters to insureds);  Dear v. Scottsdale Ins. Co., 947 S.W.2d 908, 917 (Tex.App.1997) (holding that insured may not maintain negligence action against adjuster because adjuster's duties are contractual ones owed solely to insurer);Velastequi v. Exchange Ins. Co., 132 Misc.2d 896, 505 N.Y.S.2d 779, 780 (N.Y.Civ.Ct.1986) (holding negligence claim could not be maintained against adjuster because no duty owed by the insurance investigator to the insured).[4]  The reasoning behind these holdings is based, in large part, on the fact that the relationship between an independent adjuster and an insurer is contractual in nature.  As such, the adjuster is subject to the control of the insurer to which it clearly owes a duty.  Conversely, as to the insured, an independent adjuster has no duties.

    Alabama courts have not spoken directly to the narrow issue presented.  However, there

---

[4]It is noted that Velastequi has been cited with approval by the Alabama Supreme Court in Smith v. Equifax Services, Inc., 537 So.2d 463, 468 (Ala. 1988).  In Smith the court determined that a beneficiary of the insurance policy could not maintain a negligence action against Equifax, a third-party employed by the insurer to gather information.  Specifically the court held that "[i]f the beneficiary has no right against an insurance company for negligently processing an insurance application, the beneficiary would have no such right against a third party employed by the insurance company to obtain information.... Id. at 464.

8

is no indication in Alabama law that a duty to the insured would be imposed on an adjuster as the result of the adjuster's actions under a contract with the insurer. In the absence of precedents from the Alabama State Supreme Court or the Alabama Civil Court of Appeals, the court may consider the case law of other jurisdictions that have examined similar issues. <u>Guideone Elite Ins. Co. v. Old Cutler Presbyterian Church, Inc.</u>, 420 F.3d 1317, 1326 fn. 5 (11th Cir. 2005). After examining such case law, the Court finds the reasoning articulated by the majority of jurisdictions addressing the issue to be persuasive. Franklin Technical was hired by Auto Owners to assist with the investigation of plaintiff's claim. Franklin Technical contracted with AutoOwners to provide that service. Plaintiff does not allege, nor can it show, that it was a party to that contract. Furthermore, Franklin Technical owed no duty to the insured nor did Franklin Technical voluntarily assume any duty to the insured by performing its contract with the insurer. Thus, the Court finds plaintiff cannot sustain a claim of negligence against defendant Franklin Technical. Accordingly, defendant's motion to dismiss is **GRANTED.**

IV.   Conclusion

Based on the foregoing discussion, defendant Franklin Technical's motion to dismiss is **GRANTED.**

**DONE** and **ORDERED** this the 15th day of November, 2006.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

9