IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DONNIE and METRA HUGHES, d/b/a ) <br> HISTORICAL RENTALS, INC.,           ) <br>                                                         ) <br>         Plaintiffs,                               ) <br> v.                                                    ) <br>                                                         ) <br> GAB ROBINS NORTH AMERICA, ) <br> INC., et al.                                      ) <br>                                                         ) <br>         Defendants.                            ) | CIVIL ACTION NO. 2:07-cv222-MHT |

**REPORT OF PARTIES PLANNING MEETING**

1. Pursuant to Fed. R. Civ. P. 26(f), a meeting of the parties' was held on March 31, 2007 by telephone conference and by mailing of drafts exchanged by counsel by:

   a.) On behalf of the Plaintiffs, Matthew M. Baker, Cervera, Ralph & Reeves, LLC, P. O. Box 325, 914 South Brundidge Street, Troy, Alabama 36081.

   b.) On behalf of the Defendant RSUI Indemnity Co., Juan Ortega, ALFORD, CLAUSEN & McDONALD, LLC, One St. Louis Centre, Suite 5000, Mobile, Alabama 36602.

   c.) On behalf of Defendant HRH Kirklin, Tom Burgess, BURGESS & HALE, L.L.C., 505 North 20th Street, Suite 300, Birmingham, Alabama 35203.

   d.) On behalf of Defendants GAB Robins North America, Inc. and Troy Rhoades, Karen Farley, LLOYD, GRAY & WHITEHEAD, P.C., 2501 Twentieth Place North, Suite 300, Birmingham, Alabama 35223.

   2. Pre-Discovery Disclosures: The parties will exchange by May 7, 2007, the information required by Fed. R. Civ. P. 26(a)(1).

1

3.  Discovery Plan: Due to the complexity of the issues and parties involved in this matter, counsel for all parties expect the discovery process will take longer than the typical case. Therefore, the parties jointly propose to the Court the following discovery plan:

a.) Discovery will be needed on the following subjects: all matters, not privileged, addressed in the parties' pleadings, including the Plaintiff's allegations and the Defendant's defenses, causation, and damages. Any discovery wherein the information requested is stored electronically will be produced by the responding party in hard copy form.

b.) All discovery, except for discovery related to the parties' retained experts, shall be commenced in time to be completed by January 31, 2008.

c.) Maximum of forty (40) interrogatories by each party to any other party. Responses due thirty (30) days after service.

d.) Maximum of forty (40) requests for admission by each party to any other party. Responses due thirty (30) days after service.

e.) Maximum of seventy-five (75) requests for production by each party to any other party. Responses due thirty (30) days after service.

f.) Maximum of ten (10) depositions per party.

g.) Each deposition, other than of a party, limited to a maximum of eight (8) hours unless extended by agreement of the parties.

h.) Reports from retained experts under Rule 26(a)(2) due:

i.) From the Plaintiff by February 29, 2008.

ii.) From the Defendants by March 31, 2008.

  i.) Depositions of the retained experts shall be:

    i.) The Plaintiff's expert shall be deposed no later than April 30, 2008.

    ii.) The Defendants' experts shall be deposed no later than May 30, 2008.

  j.) Supplementations under Rule 26 are due thirty (30) days before the close of discovery or as soon as reasonably practical after the information or documents are discovered. The parties propose having all supplementations due no later than December 31, 2007.

  4. Other Items:

  a.) The parties do not request a conference with the Court before entering of the Scheduling Order.

  b.) The Parties request a Pre-Trial Conference in August, 2008.

  c.) The Plaintiff should be allowed until November 30, 2007 to join additional parties and to amend the pleadings.

  d.) The Defendant should be allowed until November 30, 2007 to join additional parties and to amend the pleadings.

  e.) All potentially dispositive motions shall be filed no later June 8, 2008.

  f.) Settlement may be enhanced by the use of the following alternative dispute resolution procedure: mediation. Settlement however cannot be evaluated prior to May 30, 2008.

  g.) Final list of witnesses and exhibits under Rule 26(a)(3) should be served and filed twenty-one (21) days prior to trial.

  h.) Parties should have seven (7) days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

i.) The case should be ready for trial during the civil term set for September 8, 2008. The trial is expected to take approximately five (5) days by the Plaintiff's estimate and five (5) days by the Defendants' estimate.

Respectfully submitted this the 5th day of April, 2007.

s/ N.J. Cervera (CER001)
N.J. Cervera (CER001)
Matthew M. Baker (BAK017)
Attorneys for Defendant
Cervera, Ralph & Reeves, LLC
P. O. Box 325
914 South Brundidge Street
Troy, Alabama 36081
(334) 566-0116
(334) 566-4073 fax
ncervera@troycable.net
mbaker@troycable.net

s/ Juan C. Ortega
Helen Johnson Alford, Esq.
Juan C. Ortega, Esq.
Attorneys for Defendant RSUI
ALFORD, CLAUSEN & McDONALD, LLC
One St. Louis Centre, Suite 5000
Mobile, Alabama 36602
(251) 432-1600
(251) 432-1700 fax
jco@alfordclausen.com
hja@alfordclausen.com

s/ Tom Burgess
Tom Burgess, Esq.
Attorney for Defendant HRH Kirklin
BURGESS & HALE, L.L.C.
505 North 20th Street, Suite 300
Birmingham, Alabama 35203
(205) 715-4466
(205) 715-4454 fax
tburgess@burgesshale.com

s/ Karen D. Farley
James S. Lloyd, Esq.
Karen D. Farley, Esq.
Attorneys for Defendants GAB
Robins and Troy Rhoades
LLOYD, GRAY & WHITEHEAD, P.C.
2501 Twentieth Place North, Suite 300
Birmingham, Alabama 35223
(205) 967-8822
(205) 967-2380 fax
kfarley@lgwpc.com
jlloyd@lgwpc.com